## BILLUPS *v.* THE STATE.

Under the rulings made by this court in the cases of *Paschal* v. *State*, 84 *Ga.* 326, and *Grant* v. *State*, 87 *Ga.* 265, the verdict in the present case was warranted by the evidence. SIMMONS, C. J., and LEWIS, J., dissenting.

Argued April 17,—Decided June 2, 1899.

Certiorari. Before Judge Russell. Walton superior court. February term, 1899.

*Arnold & Arnold*, for plaintiff in error.
*C. H. Brand*, solicitor-general, contra.

COBB, J. Billups was arraigned and convicted in the county court of Walton county, for the offense of selling liquor unlawfully on the 17th day of August, 1897. His petition for certiorari to the superior court, complaining that the verdict against him was not warranted by the evidence, was overruled, and he excepted. The evidence introduced upon the trial was as follows. Fowler, a witness for the State, testified: "I know Henry Billups, the defendant. On or about the 17th day of August, 1897, I asked him if he knew where I could get a drink. He said he did. I gave him 50 cents, and he brought back a bottle of corn whisky. This was in this county on a back street. He brought the whisky to me. I did not buy it right out of his hands. He was gone a half-hour, I reckon. I delivered the money before the whisky was delivered. It was a half-hour, I reckon." Jack Russaw, a witness for the accused, testified: "I was with Henry when he went after the whisky. He got it at Buckalew. I don't know what morning this was; it was last year or this year one. I don't know what month it was. We went in Mr. Frank Felker's buggy at Buckalew on the railroad. It's broke up now. I was with him when Mr. Fowler gave him the money." After the introduction of the testimony above quoted, the accused made the following statement: "Well, I—Mr. Fowler came to town and asked me if I knew where he could get a dram. I said, yes. I got the whisky of Isham Palmer, and brought it back and set it down till he came. Jack was with me in the buggy when I went after the whisky. We went to the factory."

When the accused entered upon his trial the presumption of innocence was in his favor. In order to rebut this presumption the State introduced the witness Fowler, who testified that he gave the accused the money with which to buy the whisky; that he was absent about half an hour, and that when he returned he brought back a bottle of whisky and delivered it to the witness. Under the ruling made by this court in *Paschal* v. *State*, 84 *Ga.* 326, which was followed in the case of *Grant* v. *State*, 87 *Ga.* 265, this made out a prima facie case for the State, and was sufficient to rebut the presumption of innocence in favor of the accused when he entered upon his trial. In order to meet this case the accused introduced the witness Russaw, who testified simply that the accused got the whisky at Buckalew. This by no means proves that the accused was merely acting as the agent of Fowler to secure the whisky from some person at Buckalew, as it is not at all inconsistent with the theory that the accused purchased the whisky for the purpose of selling it for his own benefit at a profit, nor with the theory that he was the agent of some one who was a seller at Buckalew. The jury evidently disregarded the statement of the accused, as they had a right to do; and as the evidence of the witness Russaw did not disclose who was the seller at Buckalew and did not clearly establish that the accused was merely an agent of the purchaser, the jury were authorized to return a verdict of guilty, and the judge of the superior court did not err in overruling the petition for certiorari.

*Judgment affirmed. All the Justices concurring, except*

SIMMONS, C. J., and LEWIS, J., dissenting. On the trial of one charged with the offence of illegally selling spirituous liquors, where the State relies for a conviction solely upon the presumption of guilt arising from the fact that the accused received money from another with a request to procure whisky and shortly afterward delivered the whisky in compliance with the request, a verdict of guilty is contrary to evidence, when, in reply to the prima facie case thus made by the State, it is shown by the statement of the accused, corroborated in material particulars by the uncontradicted evidence of a witness, that another person filled the character of seller of the whisky and

that the accused acted only as agent of the purchaser.    *Grant*
v. *State*, 87 *Ga.* 265; *White* v. *State*, 93 *Ga.* 47.