## 733. BONNER *v.* THE STATE.

1. On a trial for the unlawful sale of spirituous liquors, evidence that the accused had on several occasions received packages or boxes through the express office, with physical marks thereon indicating that they contained whisky, is relevant and admissible.
2. The charge of the court upon which error was assigned was objectionable for the reasons stated in the opinion.
3. A verdict wholly unsupported by any evidence must be set aside as contrary to law.

Accusation of selling liquor, from Early superior court—Judge Worrill. July 27, 1907.

Submitted October 9,—Decided October 22, 1907.

*Park & Collins,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold, J. B. Ridley,* contra.

HILL, C. J. Davis Bonner was convicted of the offense of selling whisky in Early county, where the sale of spirituous liquors is prohibited by law. His motion for a new trial being overruled, he brings the case to this court. Error is assigned upon the ruling of the court in admitting, over the objection of the defendant, the following testimony: that on several occasions packages or boxes had come through the express office, addressed to Davis Bonner, and, on looking through the cracks of the boxes, bottles were seen that looked like they might be quarts of whisky; that on two different occasions the defendant, Davis Bonner, had carried from the express office two large boxes weighing about sixty pounds, having printed thereon "seventy-two half pints," "White Oak Whisky," "Chattanooga." We think the testimony was admissible, as against the objection that it was irrelevant and immaterial. While it was not a violation of law to purchase whisky outside of the county and ship it thereto, yet, where the defendant was charged with selling whisky in the county in viola-

tion of the statute, evidence that he was receiving whisky was a relevant fact in connection with the charge. Considered alone, of course, it would not be sufficient, and would have to be supplemented by evidence showing that a sale had been consummated in the county by the defendant.

The following charge we think is justly assigned as error: "If you believe, gentlemen of the jury, that the defendant, Davis Bonner, received of Dock Knight money, and went off, and in a short time returned and furnished Dock Knight with whisky, that would make him guilty, unless he has given the jury satisfactory information as to how he got the whisky and that his connection therewith was lawful." We think that these facts would be evidence of a more or less probative value, to be determined by the jury; but the charge that these facts "would make him guilty," even if unexplained by him, expresses too strongly the inference arising from the facts. This charge leaves out of consideration entirely that the money must have been given to the defendant by Dock Knight for the purpose of buying whisky which he subsequently delivered to him. The case relied upon by the solicitor-general in support of this charge is *Billups* v. *State,* 107 *Ga.* 766 (33 S. E. 659). In that case, the Supreme Court said, in substance, that if the State proved by a witness that he had given the accused money with which to buy whisky, and that the accused was absent about half an hour, and when he returned he brought back a bottle of whisky and delivered it to the witness, this made out a prima facie case for the State; but the important fact that the money must have been given by the witness to the accused for the purpose of buying whisky is entirely omitted from the charge complained of.

The most serious objection to this verdict, however, is that there is no evidence in the record which in any measure gives it support. The only fact proved by the State was that a witness had given the accused twenty-five cents for the purpose of going to the express office and getting a package of whisky for him, paying the express charge thereon with the twenty-five cents, and that subsequently the party who gave the twenty-five cents to the accused for this purpose went to the house of the accused and got this whisky. The witness who testified to this fact was introduced by the State, and his testimony is as follows: "I saw Davis Bonner

down about the store of Rob Knight, and handed him a quarter and told him to go down to the express office and get me a package of whisky; and that day, when I started hunting, I went by Davis Bonner's house and he handed it to me, that is, the bottle of whisky. I never paid Davis Bonner for the whisky, but I bought it myself from the Albany Whisky House, in Albany, Ga. Davis Bonner never sold it to me, but I gave him a quarter to go to the express office and get it for me and pay the express on it." Another witness for the State testified that he saw the witness who had testified about giving the twenty-five cents to the accused go into the house of the accused when he started out hunting, and come back with a bottle of whisky. This is all the testimony in the record, except that mentioned in the first part of this opinion, — that the accused had received express boxes at the express office indicating that they contained whisky,—and it is clearly insufficient to prove the defendant's guilt. The verdict is therefore set aside and a new trial ordered.          *Judgment reversed.*