### STATE *vs.* FRANK SALKOWSKI.

*Criminal Law—Statute—Indictment—Minor—Selling Intoxicating*
*Liquors to—Diligence to be Used by the Seller in Ascertaining*
*Age of Customer—Sale to Two at Same Time;*
*Distinct Offenses.*

1.    In cases where it is not perfectly manifest that the person seeking to obtain intoxicating liquor from a licensed dealer is twenty-one years of age, such dealer, his agent or servant, is bound to use all reasonable means to ascertain whether the person desiring the liquor is in fact twenty-one years of age.

2.    In many cases a liquor dealer would not meet the requirements of the act by simply asking a person applying for intoxicating liquor if he or she is twenty-one years of age, and relying upon an affirmative answer, make a sale to one under twenty-one years of age.

3.    A person may be prosecuted by the State as often as he may be charged with the commission of a specific offense.    And an unlawful sale of intoxicating liquor to two or more minors would constitute as many distinct offenses notwithstanding such sale was at the same time.    A sale to two minors could not properly  be charged in the same  indictment no more than could the murder of two persons be  charged  in the same indictment.

(*November* 14, 1907.)

JUDGES SPRUANCE and BOYCE sitting.

*Daniel O. Hastings,* Deputy Attorney-General, for the State.

*James Saulsbury* for the defendant.

Court of General  Sessions, New Castle  County, November Term, 1907.

INDICTMENT for selling intoxicating liquor to a minor.

BOYCE, J.,charging the jury:

Gentlemen of the jury:—*Section* 14, *Chapter* 646, *Volume* 19· *Laws of Delaware, Revised Code, page* 414, as amended by *Section* 1, *Chapter* 246, *page* 411, *Volume* 21, *Laws of Delaware,* makes it unlawful for any person licensed to sell intoxicating liquor to give away, deliver or furnish liquor at any tme, to a minor, insane person, habitual drunkard, to any person at the time intoxicated, or to permit any minor insane person, habitual drunkard or any per son at the  time intoxicated, to  drink intoxicating liquors upon his premises.

The indictment found in this case, contains four counts, and by these counts taken together, it is charged that Frank Salkowski did, at No. 16 East Front Street, in this city, on the eighteenth day of September last, unlawfully deliver, furnish, and sell intoxicating liquor, to wit, beer, to Viola Coursey, the prosecuting witness, who it is alleged was a minor under the age of 21 years, and further that the defendant did unlawfully permit her to drink beer upon his premises, at the time and place aforesaid, against the said act of assembly.

It is admitted that the defendant was licensed to sell intoxicating liquors at the time and place alleged and that he did, through a brother in his employment, deliver, furnish and sell beer to Viola Coursey at the time and place mentioned, and that he did then and there permit her to drink the same on his premises.

In fact the defendant admits every material allegation contained in the indictment, without this: He denies that he committed any of the acts complained of unlawfully.

It is not denied that the prosecuting witness was at the time alleged a minor under the age of twenty-one years. But the defendant contends that she represented herself as being above twenty-one years of age and that he used all reasonable means to ascertain whether she was a minor at the time of the alleged offense. The single question for your investigation and determination is whether under all the evidence produced before you the defendant did excercise reasonable diligence to ascertain whether the prosecuting witness was at the time of the alleged sale, etc., under the age of twenty-one years. And we may say to you that this was a fact concerning which the defendant or his servant or agent might not inquire either carelessly or with indifference, for the statute invoked in this case was enacted for the protection of minors against the use of intoxicating liquors.

In cases where it is not perfectly manifest that the person seeking to obtain intoxicating liquor from a licensed dealer is twenty-one years of age, such dealer, his agent or servant, is

bound to use all reasonable means to ascertain whether the person desiring the liquor is in fact twenty-one years of age, and if such a dealer delivers, furnishes or sells intoxicating liquor to a person under twenty-one years of age or permits such person to drink intoxicating liquor upon his premises without due and reasonable effort to ascertain the fact so as not to defeat the very object and purpose of the statute, then he violates the act.

In many cases, at least, a liquor dealer would not meet the requirements of the act by simply asking a person applying for intoxicating liquor if he or she is twenty-one years of age and relying upon an affirmative answer, make a sale to one under twentty-one years of age. For if nothing more should be required than to ask if he is twenty-one years of age and have such person answer that he is, then the purpose of the act could be, and doubtless would often be violated.

The dealer has imposed upon him a duty with respect to minors which he may not easily evade, and he must meet that duty in good faith. If charged with the offense of selling to minors he must satisfy the jury that he used that degree of care and diligence to ascertain whether the person to whom it is alleged he sold  was not under twenty-one years of age, which a reasonably cautious and prudent person would exercise under like circumstances charged with a like duty. A licensed dealer charged with a violation of this act with respect to minors, failing to show such a degree of care and caution, if the jury should find that the dealer had delivered, furnished, sold, etc. to one not twenty-one years of age, it would be their duty to return a verdict of guilty. If, however, the jury should find under the evidence that due and rearonable diligence was excercised to ascertain that the person to whom the liquor was delivered, furnished or sold was twenty-one years of age and that the dealer had been reasonably and honestly deceived, it would be their duty to acquit.

A person  may be prosecuted by the State as often as he may be charged with the commission of a specific offense. And

an unlawful sale of intoxicating liquor to two or more minors would constitute as many distinct offenses, notwithstanding such sale was at the same time. A sale to two minors could not properly be charged in the same indictment—no more than could the murder of two persons be charged in the same indictment.

If you should entertain a reasonable doubt as to the guilt of the defendant, it will inure to his acquittal, but such a doubt means something more than a mere vague, fanciful doubt. It means a reasonable, substantial doubt growing out of the evidence—such a doubt as fair-minded, conscientious men are constrained to entertain under all the evidence.

This is a case of vital importance, affecting as it does those of this community who have not attained their majority, and you should give it your careful and conscientious consideration.

If you find under the evidence considered in connection with these instructions, that the defendant is guilty beyond a reasonable doubt, you should return a verdict of guilty, otherwise your verdict should not be guilty.

Verdict, guilty.