## 2255.    GARY *v.* THE STATE.

1. The refusal to arrest a judgment not being a proper ground for a motion for new trial, but a matter for direct exception, this court can not consider an assignment of error thereon in a bill of exceptions in a criminal case, presented to the judge more than twenty days after the rendition of the judgment overruling the motion to arrest judgment.

2. Where primary evidence is shown to be inaccessible, secondary evidence may be resorted to.    Where, on the trial of a criminal case, original money orders purchased from an express company are shown to be in the possession of the defendant, or to have been forwarded to the headquarters of the express company in another State, they are inaccessible, and the stubs kept in the local office of the express company and containing copy memoranda of the original orders are admissible in lieu thereof.

3. The circumstance that one purchases express money orders payable to a dealer in intoxicating liquors in another State, and shortly thereafter receives a package by express from the city of the payee's residence, is relevant for the purpose of showing that the purchaser of the money orders has purchased intoxicating liquor; and the fact that one has within a short time purchased a large number of such money orders and in return received a large number of packages, while not of itself sufficient to authorize the inference that the presumed purchaser of intoxicating liquor was also a seller of such liquor in violation of law, is relevant as corroborative of other evidence tending to show his guilt, on his trial upon an accusation charging him with the unlawful sale of intoxicants. Circumstantial evidence may be relevant even though of very slight probative value.

4. The verdict was not supported by any evidence, and for that reason the court erred in not granting a new trial.

Accusation of misdemeanor; from city court of Dawson—Judge Edwards.    October 23, 1909.

Submitted November 30, 1909.—Decided February 25, 1910.

*L. C. Hoyl, H. A. Wilkinson,* for plaintiff in error.

*M. J. Yeomans, solicitor,* contra.

RUSSELL, J.    John Gary was tried for a violation of the prohibition law (Acts 1907, p. 81).    The accusation charged that he "sold and bartered for a valuable consideration, directly and indirectly, and gave away to induce trade at a place of business, and did keep on hand at his place of business, and did keep and furnish at a public place, alcoholic, spirituous, malt, and intoxicating liquors and intoxicating bitters, contrary to the laws of said State, the good order, peace, and dignity thereof."    In other words, the State charged that the defendant violated the prohibition law in more than one way.    Each of the acts penalized constitutes a separate offense, though, as all are misdemeanors, they may be joined in a single count.    The jury rendered a verdict finding the defendant "guilty of keeping whisky in a public place of business." The defendant filed a motion in arrest of judgment, upon the grounds, (1) that the verdict does not find the defendant guilty of any crime or offense for which judgment or sentence may be pronounced against him; (2) that the verdict is a special verdict, and not a general verdict, and therefore is illegal, and no judgment can be pronounced against him.    The court refused to arrest the judgment.    Thereupon the defendant filed a motion for a new trial, and, upon the overruling of the motion for a new trial, presented the present bill of exceptions, in which error is assigned upon the refusal of the court to arrest the judgment.

1.   The exception to the judgment overruling the motion in arrest of judgment can not be considered.   The judgment overruling that motion was rendered on August 10, and the bill of exceptions was presented October 27, more than twenty days after the rendition of the judgment complained of.   The refusal to arrest judgment is not a proper ground for a motion for new trial, but a matter for direct exception; and if such an exception in a criminal case is not preserved by filing exceptions pendente lite, but is made in a bill of exceptions which brings the whole case up for review, the bill of exceptions must be presented within twenty days from the date of the judgment overruling the motion in arrest of judgment.   In *Watson* v. *State*, 64 *Ga.* 61, it was held that the refusal to arrest judgment might be excepted to in the bill of exceptions which brought up the whole case for review, although the exception could not be taken by motion for new trial; and the same ruling was made in *Stokes* v. *State*, 84 *Ga.* 258 (6), (10 S. E. 740); but in *Gaines* v. *State*, 108 *Ga.* 772 (33 S. E. 632), it was distinctly ruled that in a criminal case the reviewing court could not consider an assignment of error on a refusal to arrest judgment, made in a bill of exceptions presented to the judge more than twenty days after the rendition of the judgment complained of.   See also *Wheeler* v. *State*, 4 *Ga. App.* 325 (6), (61 S. E. 409).   In so far as it is not a ground for a motion for new trial, judgment upon a motion in arrest of judgment stands upon the same footing as a ruling upon a demurrer, and where error therein, in a criminal case, is assigned only in the main bill of exceptions, the bill of exceptions must be tendered and certified within twenty days from the date of the judgment upon which error is so assigned.

We will say in passing, however, that we do not think the plaintiff in error in the present case loses any substantial right; because, as stated in *Oliver* v. *Southern Railway Co.*, 1 *Ga. App.* 734 (58 S. E. 244), a verdict is to be given its reasonable intendment, and its validity sustained, if possible; and in the present case, if the evidence had sustained the finding of the jury, we think the court could very well have construed it to be sufficient as a verdict finding the defendant guilty of keeping whisky at a public place. Verdicts are not to be set aside and nullified upon frivolous grounds; they are to be upheld, if possible; and in determining their meaning, the language employed is to be given a reasonable

intendment; therefore, we think the judge could very properly have rejected the words "of business," as surplusage. If the defendant kept whisky at a public place, he would be guilty of an offense, whether it was a public place "of business" or of amusement, a public place for literary culture, or a public place for physical training, or even a public place of worship. The offense is in keeping the intoxicating liquor at a public place; and the most that can be said, where the jury finds that the keeping was at a public place of business, is that the verdict is *more* specific than it is required to be. This fact, however, does not vitiate the finding, if the place specified properly comes within the definition of a "public place."

2, 3. The principle stated in the second headnote is so well settled as not to require elaboration. The agent of the express company was permitted to testify (over the defendant's objection that such testimony was illegal and irrelevant), that certain stubs in a book, by which he refreshed his recollection, contained correct entries of the purchase of express money orders between dates designated by the witness. He was also permitted to testify that another writing, which was introduced in evidence, truly represented the names of those to whom deliveries were made of packages received by express within the period indicated thereby. It appeared both from the stubs and from the testimony of this witness that a number of the money orders were purchased by the defendant, and were payable at Montgomery, Alabama, to the Albany Whisky Company. We think those stubs which related to the defendant were clearly admissible. The objection that some of the stubs contained names of others than the defendant, and that the delivery book also showed that packages were delivered to parties other than the defendant, as made in the court below, was not sufficiently specific. In so far as other parties may have purchased money orders, or may have received shipments from the express company, the testimony was irrelevant to the issue pending between the State and the defendant; but inasmuch as the objection was made to the evidence as a whole, and the judge would, if he sustained the objection, have been compelled to rule out competent testimony, as well as that which was irrelevant, the objection was not well taken. No principle is better settled than this. In so far as the testimony objected to refers to the defendant, it is neither

irrelevant nor illegal.    It is circumstantial, it is true, and of only slight probative value.  Of itself it would be insufficient to authorize a conviction of any offense.  And yet the same thing is generally true as to any separate fact which goes to make a link in even a perfect chain of circumstantial evidence, if the fact be considered apart and disconnected from the other facts proved in the case as a whole.    The fact that one bought poison a short time before another was found dead would of itself be an inconclusive circumstance, and, considered by itself, would be absolutely valueless.  But if the prosecution proved that the deceased died from the effect of poison, and showed an overpowering motive on the part of the accused for desiring his death, that the accused had made threats, and that he alone had an opportunity of administering the poison, and then showed the circumstance (which before would have been inconsequential) that the poison which the accused had purchased was of the same kind as that found in the body of the deceased, this otherwise apparently trivial circumstance, taken in connection with the others, might be such a guide as would enable justice to lay its hands unerringly upon the real culprit.

It is not a crime to buy at an express office money orders payable to a whisky house in another State.    It does not necessarily indicate that the purchaser of the money orders is engaged in selling whisky, or in any other violation of the prohibition law.    The additional fact that shortly after the purchase of these orders the defendant received packages from the city in which the payee of the money order resided would not of itself be sufficient to show either a violation of the prohibition law or necessarily that the packages he received were shipments of intoxicating liquors; but the circumstances might justify the latter conclusion.    Even if the defendant had admitted that he received the shipments of liquor, this alone would not raise a presumption that he was violating the prohibition law.    Still, where it appears that one receives packages, under the circumstances above stated, day after day, and in quantities so large as to rebut the presumption that the packages, if they contain intoxicating liquors, are for his personal use, the latter circumstance (the unusual quantity), while it would of itself alone be wholly insufficient to authorize the conviction of the defendant of any violation of the prohibition law, might still be a circumstance corroborative of other testimony

tending to show his guilt. The testimony in the present case does not show anything more than that the defendant purchased unusual quantities of intoxicating liquors, and yet it tends to corroborate the testimony of the witness who testified that he several times purchased whisky from the defendant, and who was impeached. The circumstances above referred to are clearly relevant for that purpose. Evidence is relevant when it tends to establish or sustain a pertinent contention of a party to the case, and the criterion of relevancy applicable to circumstantial evidence does not differ from that applied to direct proof.

4. The evidence, however, wholly fails to sustain the particular verdict rendered by the jury. It is true that one may, by continued sales, render even his private residence a place of business; but in the present case it was not shown that the defendant did this. The testimony of one of the State's witnesses was directly to the point that the defendant had sold whisky several times at various places on the streets, as charged in the indictment and as forbidden by law. This testimony would have amply authorized a conviction of the defendant if it had been credited by the jury. If, in the opinion of the jury, it was worthy of belief, he should have been found guilty; but there was no evidence that he kept intoxicating liquors at a public place of business, or that he had any place of business. In the opinion of the writer, as already stated in the dissenting opinion in the case of *Cohen* v. *State,* ante, 6 (65 S. E. 1096), it is not necessarily an offense to keep whisky at one's place of business in a temporary emergency, or where the preservation of this species of property in a pressing exigency necessitates its temporary deposit, while it is being conveyed to a place where it can be lawfully kept, if the facts show absolute good faith and real necessity for the temporary deposit. But this view would not affect the question if a case were before us in which the verdict that the defendant *"kept"* intoxicating liquors at his place of business, defined in the light of the evidence (giving the language a reasonable intendment) could reasonably be construed as a verdict finding the defendant guilty of "keeping on hand" such liquors.

In view of the fact that the evidence did not authorize the verdict finding the defendant guilty of keeping in a public place the whisky he was shown to have had, the court erred in overruling the motion for a new trial.          *Judgment reversed.*