HERMAN H. HUETTE v. STATE OF NEBRASKA.

FILED NOVEMBER 16, 1910. No. 16,674.

1. **Indictment and Information: Motion to Quash: Waiver.** Under the provisions of section 444 of the criminal code, defects which might have been attacked by a motion to quash, or a plea in abatement, are waived when a defendant pleads to the general issue; and this is true as well when he pleads voluntarily as when he stands mute and a plea of not guilty is entered for him by the court. *Trimble v. State*, 61 Neb. 604.

2. **Intoxicating Liquors: Unlawful Sale: Evidence.** Proof that a defendant, who admits that he has no license to sell intoxicating liquors, was requested to procure liquor for another, received the money therefor, and shortly afterwards delivered the liquor to such person, is sufficient to make a *prima facie* case, and authorizes a conviction in the absence of any explanation or denial.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*A. E. Howard, W. W. Towle* and *Price & Abbott,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

LETTON, J.

Plaintiff in error, hereinafter called "defendant," was prosecuted for the sale of liquor in the city of Lincoln without a license. He was arrested and brought before the police judge of that city, whereupon he filed an affidavit for a change of venue, alleging the interest, bias, and prejudice of the police judge. The affidavit also ascribed the same disqualifications to both of the justices of the peace in the city and to another justice of the peace in the county, and alleged that the next nearest justice of the peace to whom the objections did not apply is A. J. Baker of Havelock, Nebraska, a justice of the peace of Lancaster county. The application for a change of venue was overruled, and the defendant bound over. On June 21, 1909, at the next term of the district court, information was filed by the county attorney. The record shows that the defendant was arraigned upon the 3d of July, 1909, and that, the defendant standing mute, the court entered for him a plea of "not guilty." The case was then continued until the next term of the court. At the next term of court a motion to quash the information was filed on the grounds that no preliminary examination had been had, and that there was a defect apparent upon the face of the record, in this, that the defendant was not granted a change of venue as provided by law. This motion was overruled, and afterwards the defendant was put upon his trial, found guilty, and a fine imposed.

The principal question presented is upon the overruling of the motion to quash the information. Section 444 of the criminal code provides: "The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar, or the general issue." We have repeatedly held that defects which should have been raised by a motion to quash or a plea in abatement are waived when a defendant pleads to the general issue. *Korth v. State*, 46 Neb. 631; *Reinoehl v. State*, 62 Neb.

619; *Goddard v. State,* 73 Neb. 739. In *Trimble v. State,* 61 Neb. 604, the facts were that the defendants, when arraigned, stood mute and refused to plead to the information. The court then entered for them a plea of not guilty. On the day of trial they filed a motion to quash the information, which the court ordered stricken from the files. It was argued that in such case the provisions of section 444, *supra,* did not apply. The court said: "Such action of the court was for the benefit of defendants, and they knew such a plea would be entered on the records for them, if they made no plea themselves, and when so entered it became their plea, which they could have withdrawn at any time, by leave of court, precisely the same as if they had made the plea in the first instance. We have no doubt that the provisions of the section quoted are applicable to this case." These cases are decisive of this question. The motion to quash in this case was presented while the plea in bar still stood, and was properly overruled.

It is also contended that the evidence is insufficient; that the defendant did not sell the liquor, but acted merely as a messenger for the buyer. It is shown that the witness Cook asked the defendant, who for some days had been in the habit of standing at or near the corner of Twelfth and O streets in the city of Lincoln, if he could get him something to drink, and gave him a dollar. In a short time defendant returned and handed Cook a bottle of whiskey. It was admitted in open court that defendant had no license to sell intoxicating liquors. No testimony was offered in his behalf. We think this evidence, unexplained, is sufficient to make a *prima facie* case. It is true that an explanation might have shown that the defendant was not guilty, and that he was merely acting as Cook's agent. It is said in 2 Woollen and Thornton, Law of Intoxicating Liquors, sec. 694: "While the burden is always on the prosecution to show beyond a reasonable doubt that the defendant made the illegal sale charged, yet the evidence may be such as to require him to account

for his actions if he desires an acquittal.  As has been said, it is immaterial whether or not the defendant owned the liquor he sold, if he sold it as his own or without authority.  So likewise a sale of liquor by a defendant, unexplained, raises the presumption that the liquor he sold was his own liquor." See, also, *Mack v. State,* 116 Ga. 546, 42 S. E. 776; *State v. Russell,* 6 Pennewill (Del.) 573, 69 Atl. 839; *Billups v. State,* 107 Ga. 766, 33 S. E. 659; 23 Cyc. 256e.  Under the circumstances we are of opinion that the jury were warranted in finding the defendant guilty.

While the question is not directly involved, we think it not improper to say that the application for a change of venue should have been granted and the cause transferred to a justice of the peace in the city of Lincoln in accordance with the provisions of the Lincoln charter.  The statute gives the police judge no discretion.

Finding no error in the proceedings, the judgment of the district court is

AFFIRMED.