WALTON, executor, *et al. v.* BUSBY.

HILL, J.   1.   Where executors petitioned an ordinary to grant an order to sell lands of the testator for the purpose of paying debts, etc., and the petition merely recited that the testator at the time of his death owned "a large body of land lying in Lincoln county, whereon the deceased resided at the time of his death, . . and that it will be to the benefit of heirs and creditors that a portion of it should be sold for the payment of said debts," etc.; and the ordinary granted an order "to sell the said portions of land belonging to said estate, lying in Lincoln county, as they may deem best," such order was void on account of insufficiency in the description of the property.

2.   A suit was brought by certain legatees and heirs to recover the lands sold under the void order.   One of the pleas of the defendant was as follows: "The proceeds of said land sold, moreover, were received by said executors, who used the same for the benefit of said estate, in paying debts against said estate, improving the remaining lands, and for the support of the petitioners.   Were said sales in any respect deficient in law, in equity, by said payment and use of the proceeds, said Busby acquired a good equitable title; and petitioners, being still in possession of said improvements, and having the benefit of the other expenditures aforesaid, so made out of the proceeds, are estopped to recover said land."   The court charged the jury as follows: "Now I charge you, gentlemen, on another contention of the defendants in this case.   If you find from the evidence, facts, and circumstances of the case that the defendants did not get a good prescriptive title, as before explained to you, and under the rules of law given you in charge, that the defendants did not have a good prescriptive title to this land, if you find from the evidence, facts, and circumstances of the case that they bought this land in good faith, and that the executors acted in good faith in selling the land, and you further find from the evidence, facts, and circumstances of the case that at the time of the sale it was necessary for them to have the money that was paid for the land, and you find that the price paid by Mr. Busby was the value of the land, and that the executors received this money in good faith and properly administered it, took it in charge, and accounted for it to the estate of Leonard Sims; and you further find from the evidence, facts, and circumstances of the case that they paid debts against the estate of Leonard Sims, or that they paid other debts in the way of costs to the ordinary, or any other expenditures that were chargeable to the estate of Leonard Sims, and that they so used this money that they received from Mrs. Busby, and that the estate got the full benefit of the entire amount of the price that was paid for the land, and that was the full value of the land, and that the estate got the full benefit of it through these executors, and it was accounted for to the estate by these executors, then I charge you if you find that state of facts, that Mr. Busby, and the defendant Mrs. Busby who holds under him, got a good title to this land; provided you find this money was entirely used

for the estate. I charge you if this money came into the hands of the executors and was received by them, but that it was applied to the payment of any debts that were not chargeable to the estate of Leonard Sims, then I charge you that Mr. Busby, and the defendant Mrs. Busby claiming under him, would not, under that finding, get a good title, even though they might have acted in good faith in selling it, that is, that the parties believed that they had a right to sell it and to buy it under the order of the court of ordinary; it would all have had to have gone to the benefit of the estate, in the payment of such debts and claims as were chargeable by law to the estate of Leonard Sims." This charge was erroneous, for the reason that it did not correctly state the law applicable to the case; furthermore, the charge can not be sustained as authorized by the defense set up in the plea above quoted, on the theory that inasmuch as objections to the sufficiency of the allegations of that plea had been overruled by the court and no exception taken thereto, that ruling became the law of the case, because it does not appear whether the objections went to the form or substance of the allegations; and moreover the charge is not in all respects adjusted to the plea and the evidence.

*Judgment reversed. All the Justices concur.*

August 13, 1915.

Complaint for land. Before Judge Walker. Lincoln superior court. January 26, 1914.

*John T. West, J. M. Pitner, Colley & Colley,* and *T. H. Remsen,* for plaintiffs.

*Samuel H. Sibley* and *C. J. Perryman,* for defendant.