WILLBANKS *v.* BYRD-MATTHEWS·LUMBER COMPANY.

ATKINSON, J. 1. A deed conveying a described tract of land contained, at the conclusion of the descriptive clause, the following provision: "This deed does not convey any timber rights held by the said M. A. Westmoreland" (the grantor). *Held,* that the title to none of the timber passed to the grantee, but remained in the grantor. *Shaw* v. *Henderson Lumber Co.,* 141 *Ga.* 77 (3) (80 S. E. 322). The burden of proof being upon the plaintiff who relied for title upon a deed containing a

provision as set out above, the judge did not err, in the trial of an action of quare clausum fregit, for damages for cutting timber on the land, and for construction of a tramroad over the land, and for injury to crops, in instructing the jury in such manner as to eliminate from their consideration the question of damage to the timber.

2. Under the pleadings and the evidence, the judge, after eliminating the question of damage to timber as indicated in the preceding note, properly submitted to the jury the issue as to other damage to the freehold. As to this issue the evidence did not demand a finding for the plaintiff for a greater amount than that returned by the jury.

3. A ground of a motion for a new trial complaining of the admission of documentary evidence can not be considered unless the evidence objected to is set forth, either literally or in substance, in the motion itself, or is attached thereto as an exhibit. *Maxwell* v. *Rucker*, 127 *Ga.* 111 (56 S. E. 91). Several grounds of the amended motion for a new trial complained of the admission of certain documentary evidence, which did not appear to be set out literally or in substance in the motion for new trial or elsewhere in the record than in the brief of evidence.

4. None of the grounds of the motion for new trial show cause for reversal.                    *Judgment affirmed. All the Justices concur.*
                    MAY 1, 1917.                    . .

Equitable petition. Before Judge Jones. White superior court. October 13, 1916.

*C. H. Edwards* and *J. C. Edwards & Sons,* for plaintiff.

*I. L. Oakes* and *G. S. Kytle,* for defendant.