### WALTON, guardian, *et al. v.* BUSBY.

ATKINSON, J. 1. A ground of a motion for new trial complaining of the admission of documentary evidence can not be considered unless the evidence objected to is set forth either literally or in substance in the motion itself, or is attached thereto as an exhibit. In the instant case several grounds of the motion for new trial complained of the admission of certain documentary evidence, which did not appear to be set out literally or in substance in the motion for new trial or elsewhere in the record than in the brief of evidence. *Willbanks* v. *Byrd-Matthews Lumber Co.,* 146 *Ga.* 750 (3) (92 S. E. 281).

2. The defendant set up title by prescription. One of the plaintiffs claimed that he was non compos mentis during the alleged prescriptive period of possession, and the evidence presented an issue of fact as to the sanity of that plaintiff. The judge stated to the jury the contention of the plaintiff on that question, and properly charged the law applicable thereto. At the conclusion of the charge certain questions were propounded by the judge to the jury, to be answered in formulating a verdict. In doing so it was said: "Is the plaintiff [naming the one claiming to be non compos mentis] entitled to recover two thirds of the land sued for? You look to all of the evidence, facts and circumstances of the case, and apply all of the rules of law given you in charge in reference thereto, and answer that question first." Following this were other questions that need not be stated, touching other phases of the case, which depended for answer upon whether the question just quoted should be answered in the affirmative or in the negative. In none of the questions so propounded did the judge make special reference to the contention of the plaintiff touching his sanity. *Held,* that

there was no error in omitting to make special reference to such contention in stating the questions.

3. The evidence was sufficient to support the verdict for the defendant, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 332. DECEMBER 15, 1917.

Complaint for land. Before Judge Walker. Lincoln superior court. April 3, 1917. (See 144 *Ga.* 45.)

*Colley & Colley, J. T. West,* and *J. M. Pitner,* for plaintiffs.

*C. J. Perryman* and *S. H. Sibley,* for defendant.