### 9707. QUINN v. THE STATE.

1. A ground of a motion for a new trial, as to the admission of testimony, is incomplete and will not be considered by this court, where the testimony to which it relates is not set out therein and is referred to merely as the evidence of a named witness "with reference to getting whisky from some young men."

2. Where the trial judge promised that certain testimony which counsel for the accused had moved to exclude, on the ground that it did not con-

nect the accused with the crime for which he was being tried, would be excluded unless such connection were shown, failure to make any subsequent motion to exclude it could be treated by the court as a waiver of the objection, and failure to exclude it is not cause for a new trial.

3. On the trial of one charged with having had unlawful possession of whisky, and with the sale of whisky, the statement of a witness, that he "had seen others go to the place of business of defendant and come away with whisky," was not subject to the objection that it was a conclusion of the witness. It was a statement of a fact admissible as a circumstance corroborative of other evidence.

4. The charge of the court as to the first count of the accusation was sufficiently full.

5. Error in charging the jury on the second count of the accusation could not have harmed the accused, since he was found guilty on the first count only.

6. An instruction to the jury, in a case in which there are two counts in the accusation, that the verdict should be "guilty," or "not guilty," is harmless, where the accused is found guilty on one count only.

7. The charge of the court was sufficiently full as to the contentions of the accused, and did not unduly stress the contentions of the State.

8. Failure to charge as to alibi was harmless. Such a charge, if authorized by evidence, could have been applicable only to the evidence on the second count, on which the accused was not found guilty.

9. The ground of the motion for a new trial that the verdict "was not in accordance with the instructions of the court" will be treated as meaning that the verdict was contrary to law. Such a ground adds nothing to the general grounds of the motion.

10. Granting that there was error in rulings as to other evidence, there was testimony by an unimpeached witness that he bought whisky more than once from the defendant; and this was sufficient to support the verdict.

DECIDED OCTOBER 9, 1918.

Conviction of sale of liquor; from city court of Hazlehurst—Judge Knox. April 10, 1918.

*S. D. Dell,* for plaintiff in error.

*J. Mark Wilcox, solicitor,* contra.

BLOODWORTH, J. 1. In the motion for new trial it is complained that "the court erred in allowing the evidence of the witness J. E. Varn, with reference to getting whisky from some young man, to remain in the record after defendant's counsel moved to exclude the same." What this evidence is, "with reference to getting whisky from some young man," is not shown in this ground of the motion, and our Supreme Court and this court have repeatedly held that a ground of a motion for new trial assigning error upon the admission of evidence will not be considered, unless the evidence is sufficiently set forth for the question of its admissibility to be determined without reference to other parts of the record. *Pound*

v. *Smith,* 146 *Ga.* 431 (5), 436 (91 S. E. 405) ; *Willbanks* v. *Byrd-Matthews Lumber Co.,* 146 *Ga.* 750 (3) 751 (92 S. E. 281) ; *Bank of Norwood* v. *Chapman,* 19 *Ga. App.* 709 (3) (92 S. E. 225) ; *Copeland* v. *Ruff,* 20 *Ga. App.* 217 (2), 218 (92 S. E. 955).

2. Where counsel for the accused moves to exclude certain testimony upon the ground that it does not connect the accused with the alleged crime, and the trial judge says, "I will exclude it unless . . [the solicitor-general] shows some connection with the defendant," but no motion to rule it out is thereafter made, counsel for the accused will be held to have waived his objection, and it is not error for the judge to fail to exclude the testimony later on his own motion. *Lindsay* v. *State,* 138 *Ga.* 818 (7), 823 (76 S. E. 369) ; *Cawthon* v. *State,* 119 *Ga.* 395 (7), 396 (46 S. E. 897) ; *Stone* v. *State,* 118 *Ga.* 705 (9), 716 (45 S. E. 630, 98 Am. St. R. 145) ; *Thurman* v. *State,* 14 *Ga. App.* 543 (2) (81 S. E. 796).

3. The court did not err in permitting a witness to testify that he "had seen others go to the place of business of defendant and come away with whisky," on the ground that this was a conclusion of the witness. This evidence was not a conclusion, but the statement of a fact which was clearly admissible as a circumstance corroborative of other evidence in the case. *Reddick* v. *State,* 15 *Ga. App.* 437 (2), 442, 443 (83 S. E. 675) ; *Gary* v. *State,* 7 *Ga. App.* 501 (3), 505 (67 S. E. 207) ; *Bonner* v. *State,* 2 *Ga. App.* 711 (58 S. E. 1123) ; *Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156).

4. There is no merit in the ground of the motion for a new trial that the court did not charge the jury "the laws with reference to the first ground in the accusation." An examination of the charge of the court will show that the judge did charge the jury in reference to this "ground," and if a fuller charge in reference thereto was desired, a proper and timely written request should have been made as provided by the statute.

5. Error is assigned on the charge of the court with reference to the second count of the accusation. The jury having found the defendant guilty on the first count only, this was an acquittal of the crime charged in the second count, and even if the court committed error in his charge in reference to this count, it could not have harmed the defendant. *Hathcock* v. *State,* 88 *Ga.* 91 (2), 97 (13 S. E. 959).

6. Where an accusation contained two counts, and the **judge**

instructed the jury, if "they were satisfied of the guilt of the defendant beyond a reasonable doubt, to return a verdict of 'We, the jury, find the defendant guilty,' otherwise 'We, the jury, find the defendant not guilty.' " and the jury, notwithstanding this charge, found the defendant guilty on the first count only, the error in the charge could not have been harmful to the defendant. This ruling covers grounds 6 and 10 of the amendment to the motion for a new trial.

7. There is no merit in ground 7. "While it is the duty of a judge in the trial of a criminal case to state the contentions of both the State and the defendant, still, in the absence of a request for more definite instructions, a statement by the court that the grand jury has returned an indictment against the defendant, charging him with the offense of murder, and that to this the defendant has filed a plea of not guilty, which makes the issue for them to try, sufficiently presents the issue." *Faison* v. *State,* 13 *Ga. App* 180 (79 S. E. 39). And see *Wilensky* v. *State,* 15 *Ga. App.* 360 (83 S. E. 276).

(*a*) "The fact that the presiding judge stated in his charge, 'in two separate and distinct places,' the language or substance of the indictment did not unduly emphasize the contentions of the State to the prejudice of the prisoner." *Mulligan* v. *State,* 18 *Ga. App.* 464 (4), 468 (89 S. E. 541).

(*b*) Besides, "The exception that the State's contentions were unduly stressed is not so presented as to submit anything for the consideration of this court, but would require a careful scrutiny and analysis of the entire charge of the court, and the language to which the exception is taken is not embodied in the motion for a new trial as required by the decisions of the Supreme Court and of this court." *Roberts* v. *State,* 16 *Ga. App.* 315 (4) (85 S. E. 285).

8. Even if evidence was of such a character as to authorize the court to charge on alibi, the failure so to charge in the instant case was not harmful to the defendant, as the charge could have been applicable only to the evidence on the second count, and the defendant was acquitted on this count.

9. A ground of a motion for new trial which alleges that a new trial should have been granted "because the verdict returned in said case was not in accordance with the instructions of the court"

amounts merely to a complaint that the verdict was contrary to law, and the general grounds of the motion cover this exception. *Brannan* v. *McWilliams,* 146 *Ga.* 528 (4) (91 S. E. 772) ; *Seaboard Air-Line Railway* v. *Vaughn,* 19 *Ga. App.* 397 (2a), 398 (91 S. E. 516) ; *Georgia Northern Ry. Co.* v. *Sharp,* 19 *Ga. App.* 503, 504 (91 S. E. 1045).

10. Granting that the trial judge erred in his rulings in reference to other evidence, there was direct and positive evidence, by an unimpeached witness, that the witness bought whisky more than once from the defendant, and this is enough to support a conviction.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*