[Crim. No. 858. In Bank.—January 11, 1904.]

THE PEOPLE, Respondent, v. LEW FOOK, Appellant.

CRIMINAL LAW—INSTRUCTION—"MORAL CERTAINTY."—An instruction upon a charge of murder, that "moral certainty is described as a state of impression produced by facts in which a reasonable mind feels a sort of coercion to act in accordance with it," and that "it is also declared to be a certainty that convinces and directs the understanding and satisfies the reason and judgment of those who are bound to act conscientiously upon it," is not prejudicial to the defendant because amplifying the definition of "moral certainty" beyond section 1835 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Henry C. Dibble & Dibble, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

HENSHAW, J.—The defendant was convicted of murder, and upon this appeal presents the single proposition of alleged error contained in one of the instructions given by the trial court.

That instruction is as follows: " 'Moral certainty' is that degree of proof which the law requires of moral evidence. Moral certainty is described as a state of impression produced by facts in which a reasonable mind feels a sort of coercion

or necessity to act in accordance with it. It is also declared to be a certainty that convinces and directs the understanding, and satisfies the reason and judgment of those who are bound to act conscientiously upon it."

The last sentence of the instruction is a quotation from the famous charge of Chief Justice Shaw in the Webster case, and has been uniformly if not universally approved. Appellant's attack, however, is directed to the preceding part of the instruction, and it is said that this language was inaccurate and injurious to the appellant in that it permitted the jury to be governed by their "impressions," and not by their "convictions." In this connection it is pointed out that section 1826 of the Code of Civil Procedure itself defines moral certainty as being "that degree of proof which produces conviction in an unprejudiced mind," and that elsewhere the code declares "That evidence is deemed satisfactory which ordinarily produces moral certainty or conviction in an unprejudiced mind." (Code Civ. Proc., sec. 1835.)

We think, however, that no defendant can present any just reason for objecting to this amplification of the definition of moral certainty, since that amplification makes so clearly in his favor. The jury were here instructed as to the nature of the conviction which satisfies the reason and judgment of those who are bound to act conscientiously upon it, and were told that it was a conviction which impelled them by necessity or coercion to act upon it, or otherwise they entertained a reasonable doubt, of which the defendant must be given the benefit. "Impression," as here employed, does not vary essentially in meaning from conviction. "Impression" itself is a stamping in upon the mind. The language objected to is taken from Burrill on Circumstantial Evidence (p. 199), and that careful author fully justifies the language both by reason and authority.

The judgment appealed from is affirmed.

Angellotti, J., Shaw, J., Lorigan, J., and Van Dyke, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment, because the instruction complained of could have done appellant no injury; but I think that it should not have been given.

As shown in the opinion in *People* v. *Huntington,* 138 Cal. 261, the instruction includes only a part of a sentence in Burrill,—omitting the part which makes his meaning clear.

BEATTY, C. J., concurring.—I concur in the judgment on the ground stated by Justice McFarland, and I agree with him that the language quoted from Burrill should have been omitted from the instruction. It adds nothing either of force or clearness to the oft-approved definition of moral certainty given by Chief Justice Shaw in the Webster case, and I deprecate the disposition to expand and vary approved instructions in criminal cases, the only effect of which is to raise new questions and furnish new grounds for appeals.