# CHARLESTON.

STATE *v.* TOM KOSKI

(No. 5269.)

Submitted October 6, 1925. Decided October 13, 1925.

1. CRIMINAL LAW—*Refusal of Instruction That Jury Must be Convinced of Accused's Guilt "Beyond a Reasonable Doubt" and "to a Moral Certainty" Held Proper.*

An instruction to the jury that they must be convinced of defendant's guilt "beyond a reasonable doubt" and "to a moral certainty" is properly refused. These expressions are synonymous and either one may be used alone in an instruction. Used together they are likely to mislead the jury as to the degree of proof necessary to convict. (p. 101.)
(Criminal Law, 16 C. J. § 2403).

2. SAME—*Supplementing Requested Instruction as to Right of Accused to Testify in His Own Behalf Held Not Reversible Error.*

Point 6 of the syllabus in *State* v. *Parsons*, 90 W. Va. 307, applied.    (p. 101.)

(Criminal Law, 16 C. J. § 2509).

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marshall County.

Tom Koski was convicted for selling liquor, and he brings error.

*Affirmed.*

*Everett F. Moore,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

Upon an indictment for selling liquor Tom Koski was found guilty by a jury of his peers and by the circuit court of Marshall County was fined $300 and sentenced to jail for six months.

The defendant denied selling any liquor and says the verdict is contrary to the evidence. Glenn Coe, a witness for the State, testified that he purchased liquor directly from the defendant. Coe's evidence was supported in part by H. E. Smith, a Federal Prohibition officer. The jury believed Coe, and his testimony warranted the verdict.

The defendant also claims that the verdict is contrary to the law because of certain rulings on evidence, certain remarks by the court, and the refusal to give certain instructions.

Because of the number and insufficiency of these complaints we will necessarily treat them in a summary manner, as follows:

Coe said that he had never known the defendant before the time the liquor was purchased, "that he had heard of him". As the witness did not pretend to detail what he had heard

of defendant, this remark does not come within the hearsay rule, and is not objectionable.

Coe was not required to say how much liquor he had bought in another county prior to his alleged purchase from the defendant. This question was not legitimate cross-examination, and was properly denied.

Coe was not required to answer whether he was a prohibition officer, or "just employed to go around and see how much liquor he could buy." This question was probably legitimate cross-examination, but we do not see that the defendant was prejudiced by the action of the trial court in rejecting it.

After the alleged purchase, Coe and Smith went to the office of a Justice but made no report to him of the purchase of the liquor. The court would not require Smith to give a reason why no complaint was made to the Justice then. The motives actuating the officer in withholding complaint at that time, whether reasonable or unreasonable, were personal and could furnish no legitimate speculation for the jury.

Refusal of the court to require Smith to say whether Coe was a Federal officer, was immaterial. Coe's standing before the jury should not have been affected one way or another by an answer to this question.

In answer to a question by the court, a witness for the State testified that he had no ill-will toward the defendant. It is always permissible for a witness to be interrogated as to his feelings toward the accused.

—2—

After an explanation by defendant's counsel of the facts he sought to establish in asking a certain question, the court remarked "that is a question for the court." Counsel applies this remark to the facts under discussion. It is apparent, however, from the record that the court referred to its ruling on the question asked.

At one place in the trial, the court remarked, "The officers are presumed to do their duty and to be honest until the contrary is shown." Counsel contend that this statement bolstered the standing of the state's witness before the jury. However a reading of the context shows clearly that the court was referring solely to the officers to whom the liquor pur-

chased by Coe was delivered for safe keeping, and not to Coe
or Smith. This remark was, therefore, not error.

—3—

Defendant's instruction No. 3 as offered was as follows:

"The court instructs the jury that in this case
the accused had the right to testify in his own be-
half, and the jury cannot arbitrarily disregard or
reject his testimony."

It was refused as offered but amended by the court and
given. The supplement is as follows:

"Especially so where he is not contradicted di-
rectly by any other witness or by the facts and cir-
cumstances in the case as made out by the evi-
dence."

The instruction as offered was proper. Ordinarily the
court should give an instruction, which correctly propounds
the law, in the language presented by a defendant. As
amended the instruction still properly stated the law. *State
v. Galford,* 87 W. Va. 358; *State* v. *Hearst,* 93 W. Va. 222.
Supplementing a sound instruction may be criticised, but it
is not reversible error. *State* v. *Parsons,* 90 W. Va., 307, pt. 6.

Complaint is made that defendant's instructions 4, 5 and
12 were not given. These instructions were based on the
theory that the state's case depended on circumstantial evi-
dence. The trial court properly refused these instructions
as inapplicable to the facts in this case. The evidence of the
sale made by the defendant was positive and direct, and not
circumstantial.

Defendant's instruction No. 9, which was also refused, deals
with the requirement that the verdict be unanimous. A de-
fendant is entitled to an instruction in this respect, if it is
properly drawn. Instruction No. 9, however, proposed to tell
the jury that they must be convinced of defendant's guilt
"beyond a reasonable doubt and to a moral certainty". The
Supreme Court of Virginia upheld a lower court in rejecting
an instruction containing the phrase quoted, which it criti-
cised as follows:

> " 'Beyond a reasonable doubt' and 'to a moral certainty' are synonymous terms, and either might be properly used alone in an instruction. But, when both expressions are used in the same instruction, the jury, who are not expected to know the technical meaning of such phrases, would naturally believe that something more than proof beyond a reasonable doubt was necessary before they could convict."

The jury did not lack instruction on the requirement of unanimity in the verdict, as may be seen from instruction No. 1 given at the request of the state.

> "The court instructs the jury that no juror should yield a conscientious opinion deliberately formed after a full and fair investigation of the case, and the jury is further instructed that the jury room is no place for pride of opinion or stubbornness, but that it is the duty of the jurors to discuss the evidence in a spirit of fairness and candor with each other and with open minds, and to give careful consideration to the views of their fellows, and if it can be done without a sacrifice of conscientious convictions, agree upon a verdict."

Perceiving no material error in the case, the judgment of the lower court is affirmed.

*Affirmed.*