EUGENE S. FARNUM *vs.* UNITED ELECTRIC RAILWAYS CO.

MARJORIE FARNUM *vs.* SAME.

JULY 9, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

212

PER CURIAM. These cases, which are actions of trespass on the case for negligence, are before us on the single exception of the plaintiffs to a certain portion of the charge to the jury.

The plaintiff Eugene S. Farnum and his daughter Marjorie Farnum were injured when an automobile, owned by the father and driven by the daughter, collided with a motor bus operated by the defendant. The suits resulting from the accident were tried together before a justice of the superior court and a jury in October, 1933. A verdict for the defendant was returned in each case. The plaintiffs made no motion for a new trial, but did file their notice of intention to prosecute a bill of exceptions based on one exception to the charge of the court. They secured a transcript of the entire charge to the jury but not of the evidence. Upon presentation of their bills of exceptions and this transcript to the trial judge, he declined to allow the same on the ground that the transcript of the charge alone was not sufficient. Thereupon the matter was brought before the supreme court on plaintiff's motions to establish the truth of their exceptions and the sufficiency of the transcript. By a rescript filed July 3, 1934, the court held that "under the circumstances of the instant case the record presented is sufficiently comprehensive to enable us to determine the question raised by the exception." *Farnum v. United Electric Rys. Co.*, 175 Atl. (R. I.) 49. No motion for reargument was filed by the defendant.

This court has deemed it necessary to set out these circumstances in view of the defendant's argument that the error complained of was harmless; that the plaintiffs have no case in fact, for otherwise they would have filed a motion for a new trial, and that the defendant is placed at a disadvantage if the issue before us is determined from a transcript of the charge alone. This argument could have been advanced, and probably was, to the court on the hearing on the above motions. We find no reason why this court should disturb the decision of July 3, 1934, establishing the truth of plaintiffs' exceptions and the sufficiency of the transcript. Nor are we concerned with the merits of the cases, except to note that, at least in the opinion of the trial court, there was enough in the plaintiffs' claims to submit them to the jury in the first instance. Moreover, a party aggrieved is entitled to prosecute a bill of exceptions on any one or all exceptions properly taken. The mere fact that he has failed to take any other step open to him after a verdict, is no bar to his prosecuting a bill of exceptions on any exception previously noted.

Confining ourselves to the record as established, we find that the plaintiffs duly excepted to that portion of the judge's charge where the court, in defining what is meant by a fair preponderance of the evidence, says: "After you have taken the witnesses on both sides and their testimony, and have given it careful and conscientious consideration, if then you have a moral conviction amounting to a certainty that the statement made in plaintiffs' declaration is true, then the plaintiff has established his case by a fair preponderance of the evidence." Undoubtedly this statement was the result of temporary confusion of mind. Yet, even though an exception was specifically noted, and so brought the matter to the court's attention, we find nothing in the charge or at any time before the verdict, which corrects in any way this statement of the law.

The defendant concedes that this portion of the charge is an erroneous statement of the burden of proof in actions of trespass on the case for negligence. In addition to his argument already referred to, that it is a harmless error because the cases themselves had no merit, the defendant refers to a number of decisions principally in this state where instructions, though erroneous, were held harmless and without prejudice. A careful examination of the cases cited shows either that somewhere in the charge, which contained the language complained of, the court had given other and proper instructions on the same point,—*Chappell* v. *United Electric Rys. Co.*, 51 R. I. 148—or that the error was harmless in view of the positive testimony before the court as disclosed by a transcript of the evidence. *Collier* v. *Jenks*, 19 R. I. 493. In this case the error was not corrected by the court in any way, nor can we assume that there was absolutely no merit to the plaintiffs' claims.

The defendant's contention that the words "moral conviction amounting to a certainty" are meaningless and, therefore, harmless error, is without merit. If anything, the phrase in question is even stronger than the simple term "moral certainty," which has been defined as a state "of impression produced by facts in which a reasonable mind feels a sort of coercion or necessity to act in accordance with it" and repeatedly held as equivalent to or synonymous with "beyond a reasonable doubt" in criminal cases. *People* v. *Lew Fook,* 75 Pac. 188, 141 Cal. 548; *People* v. *Graves,* 331 Ill. 268; *State* v. *Koski,* 100 W. Va. 98; *Murray* v. *State,* 114 S. E. 907, 29 Ga. App. 207.

We do not wish to be understood as approving the prosecution of exceptions to the charge of a trial judge upon the presentation to us of a transcript of the charge alone, except where the error clearly appears from the charge itself and is so fundamental as to deprive a party of a fair trial under the law. Otherwise a bill of exceptions should be supported with a sufficient record of the evidence before the trial court.

In the instant case, in view of the court's ruling of July 3, 1934, with reference to the sufficiency of the transcript and considering the basic character of the error complained of, this court is forced to the conclusion that the plaintiffs are entitled to a new trial.

The plaintiff's exception is sustained in each case and both cases are remitted to the superior court for a new trial.

*Kennedy & Greene,* for plaintiffs.
*Clifford Whipple, Earl A. Sweeney,* for defendant.