Dick Dawson, plaintiff in error, *vs*. The State of Georgia, defendant in error.

1. If it appears from any of the state's witnesses, that confessions testified to were not freely and voluntarily made the court should exclude them; but where such witnesses testify that the confessions were freely and voluntarily made, it is incumbent on the defendant to show to the contrary, and whether they were so made or not, becomes a question for the jury.
2. The verdict was supported both by the law and the evidence.

· Criminal law.   Evidence.   Confessions.   New trial.   Before Judge HALL.   Upson Superior Court.   May Term, 1877.

Reported in the decision.

W. H. SANDWICH; SPEER & STEWART, for plaintiff in error.

F. D. DISMUKE, solicitor general, by J. S. BOYNTON, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of murder, and on his trial therefor was found guilty.   A motion was made for a new trial, on the grounds therein stated, which was over-ruled by the court, and the defendant excepted.   The main ground of error insisted on here was the ruling of the court as to the admission of the evidence of Atwater and Starling as to the confessions of the defendant, made to them.   It appears from the evidence, that the deceased was missing, that search was made for him, and his body was found in a gully, where it had been thrown after having been shot from the wounds apparent thereon, and his skull was also broken—the body was covered with trash and brush. .  The defendant had been arrested before the body was found, and was in charge of J. M. Daniel when it was found.   When the state offered to prove the confession of the defendant, as made to Atwater and Starling, the counsel of defendant offered to prove by Daniel that the confession of the defendant was not freely and voluntarily made by him ; that within less than an hour before the two witnesses, Atwater and Starling, came to where defendant was in the custody of Daniel, the defendant had made a confession to him, Daniel, of having killed the deceased, Daniel telling him that "the law will be lighter on you if you will confess." The court refused to allow the proof so offered, and per-

mitted them to testify as to the defendant's confession, they stating that it was freely and voluntarily made by the defendant to them. After the witnesses, Atwater and Starling, had testified before the jury as to the confession of the defendant, made in their presence and Daniel's, the defendant offered Daniel as a witness, who stated that whilst defendant was in his custody, about half an hour before the witnesses, Atwater and Starling, came to where they were, having heard the report that the body of deceased had been found, he remarked to defendant " that he had killed Frank, the deceased; he asked why I thought so ; I said, because you look guilty ; he then said he would like to talk with me privately about it. We went to a tree near by, and he then asked me what was the best for him to do. I said the laws of the country would be lighter on him if he confessed that he killed him, meaning the deceased. He made the confession immediately after I said what I did." After this testimony of Daniel had been received, the defendant, by his counsel, moved the court to rule out the evidence of Atwater and Starling, as to the defendant's confession to them, from the consideration of the jury, which motion the court overruled.

1. The rule which has been recognized in this state, in regard to confessions, is, that when it appears from any of the state's witnesses, that the confessions were not freely and voluntarily made, the court will then rule out the evidence of such confessions from the consideration of the jury, but when the witnesses for the state testify that the confessions were freely and voluntarily made to them, it is then incumbent on the defendant, by way of defence, to rebut the evidence of the state's witnesses, by the introduction of witnesses in his own behalf, and prove to the satisfaction of the jury, if he can do so, that the confessions were not freely and voluntarily made, and then it becomes a question for the jury to decide, under the charge of the court. The defendant has not been allowed to raise a collateral issue, by the introduction of witnesses for the purpose of

having the state's evidence rejected by the court, when that evidence is, *prima facie*, competent and admissible. *Pines vs. The State*, 21*st Ga. Rep.* 227; 47*th Ga. Rep.*, 572; *Ib.*, 598. The record in this case shows that the charge of the court to the jury, as to the legal effect of the confessions of the defendant under the evidence (and to which there is no exception taken), was very full and explicit. There is no pretense that the confession of the defendant made to Cunningham and Lamb was not freely and voluntarily made, and although not as full as that testified to by Atwater and Starling, still, it was strong corroborative evidence of the defendant's guilt, when viewed in connection with the other facts proven in the case.

2. The deceased was assasinated and murdered in a most brutal manner, and there can be no reasonable doubt, from all the evidence in the record, that the defendant was the guilty perpetrator of the foul deed. After a careful review of all the evidence contained in the record, and the rulings of the court thereon, we find no error in overruling the defendant's motion for a new trial.

Let the judgment of the court below be affirmed.