## GARY v. THE STATE.

Where one is indicted, under the Penal Code, § 708, for cruelly, unreasonably, and maliciously beating and ill-treating a child, it is error for the judge in defining the offense to the jury to omit the element of unreasonableness, and it is also error to refuse a legal request to charge that unreasonableness is an essential element of the crime.

Submitted April 27, — Decided May 30, 1903.

Accusation of cruelty to child.   Before Judge Hobbs.   City court of Albany.   February 21, 1903.

*I. J. Hoffmayer*, for plaintiff in error.
*John D. Pope, solicitor*, contra.

SIMMONS, C. J.   The judge charged the jury that the elements of cruelty and malice were necessary to make out the case against the accused, and that the jury must be satisfied from the evidence "that the child was cruelly and maliciously treated by the defendant." He refused a request to give an instruction, submitted to him in writing before he began his charge, to the effect that each of the elements of cruelty, unreasonableness, and malice entered into the crime, and must be proved by the State.   Error was assigned on the charge, and on the refusal to charge.   The charge as given left the jury free to find a verdict of guilty without regard to the reasonableness of the beating, if cruelty and malice were present.   The Penal Code, § 708, under which the accused was indicted, makes it a misdemeanor to "cruelly, unreasonably, and maliciously beat or ill-treat any child," and the indictment charged that the accused did "unlawfully, and with force and arms, cruelly, maliciously, and unreasonably beat and ill-treat" a named child. Thus it will be seen that the request to charge, followed the language of the code and of the indictment, while the charge of the court differed from both in that it omitted "unreasonableness" as an element of the crime.   Since the legislative department has seen fit to include it as such an element, we can not say that its omission was immaterial.   It is made an essential element by the code, and the judge erred in omitting it from his enumeration of such elements, and also in refusing to charge as requested.

*Judgment reversed.   By five Justices.*