### 5023. FAISON *v.* THE STATE.

RUSSELL, J. 1. While it is the duty of a judge in the trial of a criminal case to state the contentions of both the State and the defendant, still, in the absence of a request for more definite instructions, a statement by the court that the grand jury has returned an indictment against the defendant, charging him with the offense of murder, and that to this the defendant has filed a plea of not guilty, which makes the issue for them to try, sufficiently presents the issue. Especially is this true where the court, in its instructions, defines the various grades of homicide applicable to the evidence.

2. In the present case testimony was adduced which tended to show a mutual intent to fight, and which authorized the instruction of the court upon the subject of voluntary manslaughter. *Gann* v. *State,* 30

*Ga.* 67; *Young* v. *State,* 10 *Ga. App.* 116 (72 S. E. 935); *Rickerson* v. *State,* 10 *Ga. App.* 464 (73 S. E. 681).

3. "Where the court gives in charge to the jury the principles of law with respect to the right of a slayer to kill in order to prevent the commission of a felony, the failure to define the term 'felony,' as used in such charge, in the absence of a request to give such definition, is not error requiring a new trial." *Helms* v. *State,* 138 *Ga.* 827 (7), 833 (76 S. E. 353).

4. The defendant, having been convicted of voluntary manslaughter can not complain of the alleged errors of the court in charging the law of murder.

5. Under the evidence there was no error in charging the jury upon the subject of justifiable homicide, as contained in section 70 of the Penal Code; nor the doctrine of reasonable fears, as contained in section 71; and, since there was no request that the entire charge be sent up in the record, it is not made to appear that the charge of the court as to mutual combat, and the defense which could arise under section 73 of the Penal Code, was so given as to confuse the jury, or that this instruction was injurious to the defendant. Where only fragmentary excerpts from the charge, in themselves abstractly correct, are presented for the consideration of this court, and the plaintiff in error does not cause the entire charge to be transmitted to this court, it will be presumed that the instruction of which complaint is made was properly qualified, and so presented as not to be confusing to the jury or injurious to the defendant.

6. Upon an inspection of that portion of the charge to which general exception is taken, on the ground that sections 70, 71, and 73 of the Penal Code were given in such quick succession as to confuse the jury, it appears that the exception is without merit.

7. The evidence authorized the verdict, and there was no error in refusing a new trial. *Judgment affirmed.*

DECIDED AUGUST 12, 1913.

Indictment for murder—conviction of manslaughter; from Johnson superior court—Judge Hawkins. June 2, 1913.

*J. L. Kent,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.