*Roscoe Luke, C. E. Hay, Louis Moore,* for defendant.

---

5782. WILENSKY *v.* THE STATE.

WADE, J. 1. There was no material variance between the allegations and the proof; and the evidence warranted the conviction of the accused, under section 192 of the Penal Code.

2. There is no merit in the exception that the judge, in his charge to the jury, erred "in failing to mention the contentions of the defendant and to call the attention of the jury to his defense." The judge stated to the jury the charge made in the indictment, and then stated that the defendant entered a plea of not guilty, and that this plea put in issue every material allegation in the indictment and the question of the defendant's guilt thereunder; and the jury were fully instructed on the law applicable to the evidence and to the defendant's statement to the jury; and the only assignment of error as to the charge of the court was that stated above. It does not appear that there was any request to charge. No evidence was introduced by the defendant in addition to his statement. "While it is the duty of a judge in the trial of a criminal case to state the contentions of both the State and the defendant, still, in the absence of a request for more definite instructions, a statement by the court that the grand jury has returned an indictment against the defendant, charging him with the offense . . [stated by the court], and that to this the defendant has filed a plea of not guilty, which makes the issue for them to try, sufficiently presents the issue." *Faison* v. *State,* 13 *Ga. App.* 180 (79 S. E. 39). In the absence of a timely written request, it is not error for the trial judge to omit any reference to a theory of defense raised solely by the statement of the defendant. In the cases of *Seymour* v. *State,* 102 *Ga.* 803 (30 S. E. 263), and *Smith* v. *State,* 109 *Ga.* 479 (35 S. E. 59), cited by counsel for the accused, the defendant introduced testimony in addition to his own statement.

3. The defendant being charged with larceny after trust, in having fraudulently converted to his own use a gold watch and a diamond ring, en-

trusted to him by the prosecutor, and there being testimony to the effect that the prosecutor went to the defendant's pawn-shop with the holder of a pawn-ticket, who had offered to sell it, and that the defendant there stated to the prosecutor that the ticket represented a watch and a diamond ring in the defendant's possession, which were thereupon exhibited, and the prosecutor then and there bought and received the ticket in the presence of the defendant, who told him that it would be "all right," it was not error for the court to admit in evidence another and similar pawn-ticket, in connection with evidence that it was used about the same time in a like transaction between the defendant and another person, and that afterwards the defendant admitted that the two tickets represented the same watch and ring and that he put them in his stock and sold them. This evidence was admissible as tending to illustrate the intent of the defendant in the transaction with the prosecutor. *Farmer* v. *State*, 100 *Ga.* 41 (28 S. E. 26) ; *McCrory* v. *State*, 11 *Ga. App.* 787 (5), 788 (76 S. E. 163) ; *Saffold* v. *State*, 11 *Ga. App.* 329 (75 S. E. 338).

4. Where a witness testified that he was a jeweler and had long experience in handling watches, and that in his business it was customary, in describing watches, to put down the number of jewels in the watch, it was not error to permit him to state his opinion that the characters "21 j," following the words "one gold watch," on a pawnbroker's ticket introduced in evidence, meant 21 jewels. The probative value of the opinion was a matter for the jury to determine.

*Judgment affirmed.  Roan, J., absent.*

Decided November 4, 1914.

Accusation of misdemeanor; from Chatham superior court— Judge Charlton.  May 4, 1914.

*Shelby Myrick, M. H. Bernstein,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general,* contra.