## 6506.   WRIGHT v. THE STATE.

WADE, J.   1. Apparently the weight of the evidence in this case would have authorized the jury to convict the defendant of murder.   There was also evidence tending to show that he was in a passion against the deceased and ordered the deceased to leave his house, and when the deceased came back in the direction of the house a few minutes later, the defendant advanced to meet him and began to fire upon him.   The defendant himself said, in his statement to the jury, that when the deceased came back by his yard-gate, the deceased "had his hand in his pocket, and he was talking, and he said 'Come here,' looking at me," and thereupon the defendant left his house and advanced towards the deceased through the gate, and, when the deceased in turn advanced towards him and said, "God damn you, you can not bluff me," he shot.   This was enough to disclose an intention on the part of the defendant to engage in mutual combat with the deceased, and the acceptance of the invitation to enter into a combat with him, and, coupled with the evidence showing provocation offered by the deceased a few minutes before, was sufficient to authorize a charge as to the law of manslaughter.   *Young* v. *State,* 10 *Ga. App.* 116 (72 S. E. 935); *Faison* v. *State,* 13 *Ga. App.* 180 (79 S. E. 39); *Franklin* v. *State,* 15 *Ga. App.* 349 (83 S. E. 196).

2. There is no substantial merit in any of the other assignments of error, and if any fuller charge was desired than that given, a written request therefor should have been made.

3. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.          *Judgment affirmed.*
                    DECIDED JULY 2, 1915.

Indictment for murder—conviction of manslaughter; from Berrien superior court—Judge Thomas.   March 8, 1915.

*J. C. Smith, William Story,* for plaintiff in error.
*J. A. Wilkes, solicitor-general, J. M. Johnson,* contra.