### 10621.  PARKS *v.* THE STATE.

BLOODWORTH, J.  1. "While it is the duty of a judge in the trial of a
criminal case to state the contentions of both the State and the
defendant, still, in the absence of a request for more definite instruc-
tions, a statement by the court that the grand jury has returned an
indictment against the defendant, charging him with the offense of
murder, and that to this the defendant has filed a plea of not guilty,
which makes the issue for them to try, sufficiently presents the issue."
*Faison* v. *State,* 13 *Ga. App.* 180 (79 S. E. 39). And see *Wilensky* v.

*State,* 15 *Ga. App.* 360 (83 S. E. 276). There was no request in this case. Besides, the "contention" of the defendant which he alleges that·the judge failed to charge was based upon declarations that another was the guilty party. The Supreme Court has held that "On the trial of one of two persons jointly indicted, the declarations of the other that he alone committed the offense with which they are charged are not admissible in evidence in favor of the accused on trial." *Robinson* v. *State,* 114 *Ga.* 445, 447 (40 S. E. 253), and cit. See also *Daniel* v. *State,* 65 *Ga.* 199.

2. There is some evidence to support the verdict, the trial judge, who has a broad discretion, has refused a new trial, and so do we.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 9, 1919.

Indictment of possession of intoxicating liquor; from Forsyth superior court—Judge Morris. May 10, 1919.

*H. B. Moss,* for plaintiff in error.

*John T. Dorsey, solicitor-general, William Butt,* contra.