### 11029.   SLEDGE *v.* THE STATE.

Although it was testified that the alleged confession of the defendant to the sheriff was made while the defendant was handcuffed and was bleeding from a blow on his head, struck by the sheriff, after he had been caught by the sheriff and another person, who had shot several times, it was further testified that no promises or threats were made, and that the confession was made freely and voluntarily; and the trial judge, under the ruling of the Supreme Court in the case of *Smith* v. *State,* 139 *Ga.* 230 (1) (76 S. E. 1016), did not err in admitting the confession in evidence, over the objection that it could not have been made freely and voluntarily, without hope of benefit or fear of injury.

DECIDED JANUARY 27, 1920.

Accusation of possession of intoxicating liquor; from city court of LaGrange—Judge Duke Davis.   October 17, 1919.

*Henry Reeves,* for plaintiff in error.   *L. L. Meadors, solicitor,* contra.

BLOODWORTH, J.   1. The amendment to the motion for a new trial contains only one ground, which is as follows: "Because the following evidence was illegally admitted to the jury by the court, over the objection of the defendant, to wit:  S. A. Smith, sheriff,

and W. R. Fuller testified that after defendant ran, Jackson had shot several times, and, while defendant was handcuffed and was bloody and bleeding from a blow on his head, struck by Smith, the sheriff, he was asked by Smith, the sheriff, whose liquor it was, and he, Sledge, said it was his. Movant objected to the admission of said evidence at the time the same was offered, and did then and there urge the following objection thereto: that said testimony was illegal, and showed on its face that said alleged confession was made after Jackson had shot several times, after defendant had been struck on the head by the sheriff, while he was handcuffed and was bloody and bleeding on account of said blow, and after he had been caught by Smith and Jackson and brought back where he and Sivell were. Under said circumstances said alleged confession could not have been freely and voluntarily made, without the slightest hope of benefit or remotest fear of injury."

On the trial of the case S. A. Smith, the sheriff, swore that he, "W. R. Fuller, and Mr. Jackson, a revenue man from Newnan, Georgia, went to where Will Sledge lives, and saw Will Sledge and a negro by the name of Sivell sitting out near the well, on a log of wood. Witness, Fuller, and Jackson drove around the house towards where Sledge and Sivell were, and when Sledge saw a car coming he jumped up and commenced to run, and when he did Jackson shot several times,—doesn't know whether he shot at Sledge or shot into the ground. Witness and Jackson ran after Sledge and caught him, and was fixing to put handcuffs on him when Sledge jerked back; witness struck him over the head with the handcuffs. That was what caused the blood on him when he was brought back to where he and Sivell were. There was a gallon jug of whisky, and a drinking glass near where they were sitting. After Sledge was caught and had been struck with handcuffs, and after Jackson had shot several times, I asked him whose liquor it was, and he said it was his. No promises or threats were made. His confession was voluntary. We then searched his smoke-house and found several empty bottles and jugs that smelled like they had had whisky in them. This was in Troup county, Georgia." The evidence of W. R. Fuller was substantially the same as that of the sheriff. In reference to the alleged confession Fuller testified: "No promises were made (defendant), and no threats were made. The confession was made freely and voluntarily." Under the

ruling in *Smith* v. *State,* 139 *Ga.* 230 (1) (76 S. E. 1016), the court did err in admitting the evidence of which complaint is made.

2. There was ample evidence to support the verdict, and no error of law appears.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*