### 13187.  BYRD *v.* THE STATE.

1. The admission of evidence is not ground for a new trial where the motion for a new trial does not show that the movant objected to it at the trial and what objection was then made.

2. The contentions of the accused were (in the absence of a request for a more full statement of his contentions) sufficiently presented in the charge of the court by the statement that he had pleaded not guilty and denied each of the allegations of the indictment.

3. Whether the accused gave a sufficient explanation of his possession of of the property alleged to have been stolen was a question for the jury, the decision of which this court can not interfere with, under the evidence in this case.

     DECIDED FEBRUARY 16, 1922.

Conviction of larceny from house; from Bacon superior court — Judge Summerall.  November 23, 1921.

 *H. L. Causey,* for plaintiff in error.

 *A. B. Spence, solicitor-general,* contra.

BLOODWORTH, J.  1.  "All evidence is admitted as of course, unless a valid ground of objection is interposed, the burden being on the objecting party to state at the time some specific reason why it should not be admitted.  A failure to make such objection will be treated as a waiver, and prevent the court, on a motion for a new trial, from inquiring as to the competency of the evidence." *Andrews* v. *State,* 118 *Ga.* 1 (43 S. E. 852) (43 S. E. 852).  "It is a well-established rule of practice that a ground of a motion for a new trial based upon the admission of evidence should state the objection made to the evidence, and that such objection was urged at the time the objection was made; otherwise no question is raised for determination." *City of Rome* v. *McWilliams,* 145 *Ga.* 191 (2) (88 S. E. 931), and cases cited.  See also *Atlantic Coast Line R. Co.* v. *Stovall-Pace Co.,* 24 *Ga. App.* 248 (3), 249 (3) (100

S. E. 657), and cases cited. Under these rulings no question for determination by this court is raised by the 1st and 2nd grounds of the amendment to the motion for a new trial.

2. Ground 3 of the amendment to the motion for a new trial is as follows: "Because the court erred in failing to charge fully the contention of the defendant, in that he only charged on this question the following: 'The defendant contends that he is not guilty, and denies each and every allegation made in this indictment, and says that he is not guilty of the crime charged against him.'" in addition to the above the judge told the jury that the defendant had "entered his plea of not guilty, and this makes the issue that you are called upon to try." There is no merit in this ground of the motion. In *Parks* v. *State,* 24 *Ga. App.* 243 (1) (100 S. E. 724), it was held: "While it is the duty of a judge in the trial of a criminal case to state the contentions of both the State and the defendant, still, in the absence of a request for more definite instructions, a statement by the court that the grand jury has returned an indictment against the defendant, charging him with the offense of murder, and to this the defendant has filed a plea of not guilty, which makes the issue for them to try, sufficiently presents the issue." See *Faison* v. *State,* 13 *Ga. App.* 180 (79 S. E. 39).

3. "Whether an explanation which the accused makes of his possession of property recently stolen is consistent with his innocence is exclusively a question for determination by the jury, and this court has no right to interfere with that determination, unless it is wholly unsupported by the evidence, or by any reasonable theory deducible therefrom. Under the facts of the present case, the jury were fully authorized to disregard the explanation of his possession made by the accused in his statement." *Jordan* v. *State,* 9 *Ga. App.* 578 (3) (71 S. E. 875).

4. There was ample evidence to support the verdict, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*