Indictment for possessing liquor; from Bulloch superior court — Judge Proctor presiding.   June 26, 1922.

The motion to disqualify the jurors was based on remarks made by the judge to the defendant when a verdict of not guilty was rendered in a case in which he was charged with the sale of intoxicating liquor, the judge then stating that the defendant was guilty.

*Moore & Neville, Anderson & Jones,* for plaintiff in error.

*A. S. Anderson, solicitor-general,* contra.

---

### 13857.   MURRAY *v.* THE STATE.

1. The first special ground of the motion for a new trial contains two distinct propositions, neither of which can be considered by this court, because as to each proposition this ground is not complete and understandable within itself. " Under repeated rulings of this court and of the Supreme Court, a ground of a motion for a new trial will not be considered unless it is complete and understandable within itself. (*a*) A ground based upon the exclusion of material evidence is too incomplete to be considered when it fails to show on what ground the evidence was excluded or wherein the court erred in excluding it, or where the materiality of the evidence cannot be ascertained without an examination of other parts of the record." *Joiner* v. *Paradice,* 26 *Ga. App.* 188 (1), (1-*a*) (105 S. E. 867), and cases cited. Moreover, it is not shown that the evidence excluded was material and would have benefitted plaintiff in error. *Gammon* v. *State,* 26 *Ga. App.* 481 (106 S. E. 751); *Griffin* v. *Henderson,* 117 *Ga.* 382 (2) (43 S. E. 712).

2. There is no merit in that ground of the motion for a new trial which alleges that " the court erred in refusing to exclude the evidence as to confessions made by the defendant."

3. In *Austin* v. *State,* 6 *Ga. App.* 211 (1) (64 S. E. 670), this court held: " The phrases ' to a moral and reasonable certainty ' and ' beyond a reasonable doubt,' as applied to the quality of proof in a case, are identical in meaning." See also *Varner* v. *State,* 27 *Ga. App.* 291 (2) (108 S. E. 80); *Hetrick* v. *State,* 27 *Ga. App.* 671 (1), 672, 673 (109 S. E. 528). Under the principle of these decisions there is no merit in the 3d special ground of the motion for a new trial.

4. The finding of the jury was amply supported by the evidence, and no error was committed when the motion for a new trial was overruled.

DECIDED NOVEMBER 14, 1922.

Indictment for making liquor; from Pierce superior court — Judge Sheppard. July 8, 1922.

*Eldon L. Bowen,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.

BLOODWORTH, J. Silas Aldridge and Harvey Murray were jointly indicted for manufacturing alcoholic liquor. Aldridge pleaded guilty. Murray was tried and convicted, his motion for a new trial was overruled, and he excepted. To this statement and the headnotes we add only a discussion of the second headnote. The ground of the motion for a new trial referred to in that headnote alleges that " the court erred in refusing to exclude the evidence as to confessions made by the defendant." The court was asked to exclude these confessions on the ground that " they were made while the officers were there with their guns on them and told them to stand still and not run, and they were putting their handcuffs on them, and that whatever confessions they made were made in the excitement of the moment and were not freely and voluntarily made as the law contemplates they should be." So far as the record discloses, the confessions were made voluntarily, " without being induced by another by the slightest hope of benefit or the remotest fear of injury." When the officers walked up to the defendants at the distillery they were asked to whom it belonged, and " they said nobody but them, they were running it together." The sheriff swore: " We walked in and one of the officers put the handcuffs on them, and while he was putting them on he said; ' Boys, whose still is this ? ' and Harvey spoke up and said: ' It's ours.' Well, Silas didn't say anything until one of them asked him directly, and he said ' it's ours ' too, and they put the cuffs on him." In reference to the confession of this defendant a witness swore: " Heard a statement made by the defendant. I thought it was freely and voluntarily. So far as I know, it was. Without and [any ?] fear

of punishment or hope of reward." It will thus be seen that the evidence as to the circumstances under which the confessions were made not only showed that they were voluntary, but there is direct evidence that they were made freely and voluntarily. The mere fact that the officers were there with guns and had arrested the defendants and put handcuffs on them will not, without more, make the confessions inadmissible as not being freely and voluntarily made. *Sledge* v. *State*, 24 *Ga. App.* 698 (102 S. E. 31); *Smith* v. *State*, 139 *Ga.* 230 (1) (76 S. E. 1016); *Wilburn* v. *State*, 141 *Ga.* 510 (5) (81 S. E. 444). It is true that Silas Aldridge, the joint defendant who was sworn as a witness for the defendant in this case, in answer to the following questions, testified as follows: " Q. What did the revenue officers say to you about who turned you up? A. They told us that some of our friends had turned us up, and now turn some of them up, and it would make it lighter on us. Q. What inducement did they offer you to tell about this thing? A. Oh, to turn up our neighbors; our neighbors had turned us up, and for us to turn them up, and it would be lighter on them " (us?). But it is clear that this " inducement " was offered in the event they should " turn up " others, and had no reference to any confession which they might make. The court properly admitted in evidence the confessions.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*