14845. WALTON *v.* THE STATE.

Where it is testified that a confession was freely and voluntarily made, it is incumbent on the defendant to show the contrary; and whether the confession was so made becomes a question for the jury. It is not cause for a new trial in this case that the court admitted testimony as to a confession, over the objection that the confession was not freely and voluntarily made.

DECIDED NOVEMBER 14, 1923.

Misdemeanor; from Wilkes superior court—Judge Shurley. June 2, 1923.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J. 1. The only special ground of the motion for a new trial alleges that the court erred in allowing witness Haynie to testify to a confession made by the defendant; the objection being that it was not freely and voluntarily made. Haynie swore that "Whatever he (the defendant) said was freely and voluntarily made," and the evidence shows nothing to the contrary. In *Dawson* v. *State, 59 Ga.* 333 (1), it was held that "where witnesses testify that the confessions were freely and voluntarily made, it is incumbent on the defendant to show to the contrary, and whether they were so made or not becomes a question for the jury." See *Price* v. *State, 114 Ga.* 855 (40 S. E. 1015); *Jenkins* v. *State, 119 Ga.* 431 (46 S. E. 628); *Adams* v. *State, 129 Ga.* 251 (58 S. E. 822, 17 L. R. A. (N. S.) 468, 12 Ann. Cas. 158), and cases cited; *Murray* v. *State, 29 Ga. App.* 209 (114 S. E. 907), and citations. The charge on confessions was full and fair. More-

over, practically the same evidence went to the jury without objection from the lips of two other witnesses.

2.  There is ample evidence to support the verdict.

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*