## 18740.  MILLS *v.* THE STATE.

DECIDED APRIL 10, 1928.  REHEARING DENIED MAY 15, 1928.

*H. E. Combs,* for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.

LUKE, J.  Having been convicted of disposing of a part of the cotton crop grown by him as a half-cropper, without the consent of the landlord and before the landlord had received his part of the crop, and had been paid for advances made by him to the cropper for making the crop, Ed. Mills excepted to the overruling of his motion for a new trial, based upon the general grounds and upon seven special grounds.

The first special assignment of error is that the court erred in failing to charge that there was no crime committed unless it was shown that the landlord had failed to get his share of the entire crop and payment in full for all necessary advances made to the cropper for supplies to make the crop during the year in which it was raised.  The court charged section 729 of the Penal Code as

follows: "Any cropper who shall sell or otherwise dispose of any part of the crop grown by him, without the consent of the landlord, and before the landlord has received his part of the entire crop and payment in full for all advances made to the cropper in the year the crop was raised, to aid in making it, shall be guilty of a misdemeanor." Furthermore, the court instructed the jury that the burden was upon the State to prove every material allegation of the indictment, which contained every element of the offense charged; and, further, that "To this bill of indictment the defendant has entered his plea of 'not guilty,' and that raises the issue which you gentlemen are empanelled to try." Clearly this assignment is without merit, especially in view of the failure to make any request to charge. See *Byrd* v. *State,* 28 *Ga. App.* 244 (2) (110 S. E. 758); *Parks* v. *State,* 24 *Ga. App.* 243 (100 S. E. 724); *Faison* v. *State,* 13 *Ga. App.* 180 (79 S. E. 39).

■ The second special assignment of error needs no extended comment. It is practically the same as the first special assignment. The court correctly charged the defendant's contentions, and, without request, further elaboration of them was not required. This assignment indicates no error.

■ The third special assignment is that the court failed to charge that the burden rested upon the State to show, beyond a reasonable doubt, the defendant's intention to commit a crime. There was no request so to charge, and the court charged fully upon the burden of proof and the presumption of innocence. The charge indicated was not required, and there was no error in failing to give it.

■ The fourth special exception is so similar to the first and second exceptions, supra, that it warrants no discussion. For reasons already stated, it is void of merit.

■ The fifth special ground is that the court erred in admitting in evidence a confession not shown to have been freely and voluntarily made. The evidence in regard to this confession follows: O. M. Bounds testified that he went to defendant's house, made defendant get in his car, and started to Washington; that there had been stealing going on, and that he had whipped "some of them about it;" that after getting two or three miles up the road he asked defendant what he meant by carrying his cotton off; that upon defendant's saying he had carried no cotton off, he called defendant a liar; that defendant still maintained he had not taken

any cotton; that some time afterwards defendant asked witness what he was going to do with him, and witness replied that he was going to carry him to jail—that he knew he had gotten away with some of his cotton; that defendant then confessed that he had gotten a basket of cotton; that witness then carried him to jail; and that the confession was freely and voluntarily made. Under these facts, the question as to whether the confession was freely and voluntarily made was for the jury. *Dawson* v. *State, 59 Ga.* 333. See also *Walton* v. *State, 31 Ga. App.* 158 (120 S. E. 20), and cit.; *Smith* v. *State,* 139 *Ga.* 230 (76 S. E. 1016); *Sledge* v. *State,* 24 *Ga. App.* 698 (102 S. E. 31).

▉ Ground 6 of the amendment to the motion for a new trial is similar to the foregoing ground, and is controlled adversely to the plaintiff in error by the authorities there cited. See Penal Code (1910), § 1032. In this last confession there was clearly no hope of benefit held out to defendant, nor could there have been any fear of injury.

▉ The last special ground, complaining of the court's failure to charge the law of circumstantial evidence, is without merit, since the case did not depend entirely upon that sort of evidence, and no request to charge was made in this regard.

▉ In view of the defendant's confessions and the testimony of his landlord, and that of his brother that he saw defendant hauling cotton by his house on the night of the alleged offense, we can not say that the verdict of guilty was not supported by the evidence, and the court did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*