### 26445. BARRETT v. CITY OF BRUNSWICK.

Decided October 27, 1937.

576

*J. T. Powell, Krauss & Strong, D. P. Phillips, Young H. Fraser,* for plaintiff.

*B. N. Nightingale,* for defendant.

SUTTON, J. ■ In the present case where the plaintiff brought suit against the City of Brunswick for damages on account of injuries alleged to have been sustained while a pay patient in a hospital maintained by the defendant, it being alleged that the defendant's servant, a nurse, negligently left the plaintiff alone an unreasonable length of time in a room in the hospital with her left hand in a splint, bandaged and exposed to the rays of a nearby infra-red lamp for the purpose of receiving treatment for arthritis, in consequence of which, it was alleged, the gauze bandage became ignited and severely burned the plaintiff's hand in certain particulars; and where the evidence was conflicting as to the manner in which the gauze became ignited, the plaintiff testifying that it became ignited because of excessive exposure to the rays of the lamp in the absence of the nurse, while the patient was semiconscious or asleep, and burned her hand and fingers in certain respects, and several of the hospital nurses testifying that, responding to the outcry of the plaintiff, they immediately entered the room of the plaintiff and were told by her that she voluntarily thrust her hand into the lamp and thereby the gauze became ignited, resulting in the burns to her hand, it being shown that the treatment was being administered under the directions of the plaintiff's personal physician and that the exposure to the rays of the lamp was not in excess of the usual, customary, and safe practice, one witness testifying that in the manner applied the rays could not possibly ignite the gauze even if continued for a day, and there being further testimony that the patient had been cautioned to keep her hand on the bed by her side as it was placed by the attending nurse before leaving the room, and that the patient was entirely conscious and rational at the time, and it being further shown that the plaintiff had not engaged, and her condition did not require, a special nurse in constant attendance, the jury was authorized to find that the plaintiff's injuries were brought about solely by her own negligence in unduly exposing the gauze to the close heat of the lamp, or in contact with its burner or bulb, and to return a verdict in favor of the defendant.

■ Two of the grounds of the motion for new trial complain

that the court erred in admitting, over objection, testimony of two of the hospital nurses to the effect that the nurse who was administering the treatment to the plaintiff was a splendid and conscientious nurse. The ground of objection to the testimony of one witness was that the evidence was "illegal and immaterial and merely stating a conclusion." The witness being an expert as to the subject-matter, the objection was not good for the assigned reason that the testimony was merely a conclusion; and without showing to the trial court wherein the testimony was "illegal and immaterial," the objection in that respect can not be considered here. The objection to the testimony of the other witness was that it was "illegal, irrelevant, prejudicial, and inadmissible;" and without showing to the trial court wherein the testimony was as characterized, the objection can not be considered here.

■ The ground of the motion that the court, while stating to the jury that they could use certain mortality tables which were introduced in evidence, failed to instruct the jury as to the method of using the tables in calculating the amount the plaintiff would be entitled to recover for decreased earning capacity, reduced to its present cash value, is without merit. The court charged generally on the subject of damages, instructing the jury as to arriving at the earning capacity of the plaintiff and informing them that the mortality tables had been introduced in evidence for the purpose of establishing the life expectancy of the plaintiff and should be considered with other evidence in the case. If more detailed instructions were desired, a special request should have been made. *Southern Railway Co.* v. *O'Bryan,* 119 *Ga.* 147 (4) (45 S. E. 1000); *L. & N. R. Co.* v. *Trout,* 141 *Ga.* 121, 123 (80 S. E. 622); *L. & N. Railroad Co.* v. *Stallings,* 35 *Ga. App.* 376, 378 (133 S. E. 288).

■ There being no evidence that the hospital was operated as a charitable institution in the exercise of a governmental function, the following charge of the court was reversible error: "I charge you further in this connection, gentlemen, if you should find from the evidence, under the rules of law given you in charge, that the City of Brunswick hospital at the time was purely a charitable institution operated by the City of Brunswick under charter authority granted it by the General Assembly of this State, I charge you, gentlemen, that the City of Brunswick would not be liable

to the plaintiff in this case, by reason of the fact that it would be under such circumstances a governmental agency, or rather, would be engaged in a governmental function." Under such charge it can not be said that the jury was not confused and misled and returned a verdict for the defendant, not because it found it free from negligence, but because it found that the hospital was operated as a charitable institution and engaged in a governmental function, notwithstanding the absence of evidence in that respect.

No merit is shown in the ground of the motion that the court erred in permitting the jury to disperse temporarily during the noon recess of the court and before the rendition of the verdict under the charge of the court, it not being made to appear that counsel for movant did not hear the instructions of the court as to the jury dispersing, or that he made any objection thereto, or that the jury was guilty of any misconduct or was subjected to any improper influence. *Riggins* v. *Brown,* 12 *Ga.* 271 (10) ; *Adkins* v. *Williams,* 23 *Ga.* 222 (3) ; *Pelham & Havana R. Co.* v. *Elliott,* 11 *Ga. App.* 621 (75 S. E. 1062).

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*