31099. McBRIDE *v.* JOHNS, executor.

*H. J. McBride,* for plaintiff in error.

*D. B. Howe, C. V. Driver,* for defendant in error.

PARKER, J. Dr. L. J. Johns, as executor of the last will and testament of his mother, Mrs. Mary Johns, deceased, made appli-

cation for letters of dismission from his administration of the estate. Mrs. Ruth McBride, a sister of Dr. Johns, they being the sole beneficiaries and legatees in equal shares under the will of their mother, filed objections to the discharge on the ground that "he [the executor] has not fully administered said estate, and has not collected the debts due said estate, and being indebted himself to said estate, has not paid or accounted for said sums that he owes said estate." Mrs. McBride asked that a full and complete accounting be had between her and the executor, and that such accounting be made by the court so that her rights might be determined. By agreement the case was appealed to the superior court. It was then tried and a verdict in favor of Dr. Johns, "with the understanding that all indebtedness involved in tax receipts or other claims against Mrs. McBride's property [held] by Dr. Johns be cancelled," was returned by the jury. Mrs. McBride made a motion for a new trial. It was amended by the addition of a number of special grounds. She excepts in this court to the overruling of her motion for new trial as amended, and by pendente lite exceptions to certain rulings on demurrers filed and on motions made by her.

■ Special ground 1 of the motion for new trial fails to show error. The ruling of the court excluding the power of attorney from evidence was not erroneous for any reason appearing in this ground.

■ Special grounds 2, 3, and 4 complain of the admission of certain evidence therein set out, the only objections urged being that the same was irrelevant, immaterial, and prejudicial. An objection to evidence as "irrelevant and immaterial" is too general and is insufficient to present anything for the consideration of the reviewing court. *Brown* v. *Salter,* 59 *Ga. App.* 579, 581(4) (1 S. E. 2d, 468); *Laney* v. *Barr,* 61 *Ga. App.* 145 (6 S. E. 2d, 99); *Atlanta Enterprises Incorporated* v. *James,* 68 *Ga. App.* 773(2) (24 S. E. 2d, 130). Merely adding to an objection, otherwise insufficient, that the evidence offered is "illegal" or "prejudicial" or "inadmissible," does not make such an objection sufficient without showing to the trial court wherein the testimony was illegal, prejudicial, or inadmissible. See *Barrett* v. *Brunswick,* 56 *Ga. App.* 575, 577 (193 S. E. 450).

■ "The trial judge has a right to reopen a case at any time

for the introduction of additional testimony, and this discretion will not be disturbed, unless manifestly abused." *Jackson* v. *Georgia Railroad and Banking Co., 7 Ga. App.* 644(4) (67 S. E. 898) ; *Metropolitan Life Ins. Co.* v. *Hand, 25 Ga. App.* 90 (102 S. E. 647). There was no error in reopening the case for the introduction of additional evidence and in admitting the tax receipts and executions over the objection that the transfers on the executions to Dr. Johns had not been proved. There was other evidence to the effect that Dr. Johns had paid taxes for Mrs. Mc-Bride over a period of several years, and whether or not the tax executions paid by him were transferred to him was immaterial in the light of the testimony as a whole.

■ Special grounds 6, 7, 8, 9, and 10 complain of various requests to charge, made by counsel for Mrs. McBride. It does not appear in either of these grounds that the several requests as submitted were not substantially covered by the general charge given by the court. For these reasons these assignments fail to show error. *Perdue* v. *State, 17 Ga. App.* 299(1) (86 S. E. 661); *Dixon* v. *Evans, 56 Ga. App.* 583(2) (193 S. E. 470).

■ Special grounds 11, 12, 13, 14, 15, and 16 all complain of extracts from the charge of the court. The instructions excepted to in these grounds related to the contentions of the parties, the duties of executors in the administration of estates, the rule that a testator may, by will, relieve his executor of making returns, the form of the verdict, and the burden of proof. It would unduly prolong this opinion to set out the excerpts in extenso. We do not think that either of these grounds shows error. They have all been considered in connection with the charge as a whole, and are not subject to the criticisms made in the assignments of error.

■ The 17th and final special ground complains of an incident that took place during the trial. After the jury had deliberated for a time, they came back into the courtroom and the following colloquy took place:

"The Court: Mr. Foreman, I received your note with reference to what would be the situation between these parties under certain circumstances which you understand. The court's construction of the verdict would be that, when you settle all matters between these particular parties, counsel for the executor agrees that that would be the effect of it.

"Mr. McBride (counsel for plaintiff in error): I don't agree to it.

"The Court: For the executor, I said.

"Mr. McBride: If he agrees to it, probably it would, but under the law—

"The Court: I have not made any statement about any agreement. I am just answering the question the foreman submitted to me.

"Mr. McBride: I make the suggestion that the question be made part of the record, so we can understand what it is about. You have the written question there.

"The Court: I stated that whatever the message sent to me by the foreman was, they understand it. You will render such verdict in the case as you think is right, under the law that the court had given you in charge, and I charge you as a matter of law that all matters put in evidence between the parties would be settled as to such parties in whatever verdict you make, whether it is for the plaintiff or the defendant, all matters would be adjusted up to the verdict, when you make such verdict as you think is right. If there is anything else you want me to say, I will say it.

"Mr. McBride: No, sir."

After the verdict was read, the court stated that it was taken for granted that the jury had reference to all the papers put in the case, and that he did not see any objection to the form of the verdict; and that a decree would be prepared and signed by the court finding the issues in favor of Dr. Johns, executor, and that all claims held by him in his favor and put in evidence were settled between the parties. The court then stated to the jury that, "If that is not a correct statement, gentlemen, hold up your hand," to which a juror said, "We understand it." The trial judge attached the following note to this ground of the motion: "All the jury were present in open court and together when the colloquy occurred, and counsel too."

This occurrence is complained of as follows: "Movant complains that it was error for the court to have or receive any communication from a member of the jury in regard to the law of the case except questions in regard to the law of the case asked by a juror or jurors in open court with all the jury present; and that

the action of the court in so receiving a communication from the foreman of the jury was prejudicial to movant."

We think that it was irregular and improper for the court to receive a note from the foreman of the jury, the contents of which were not disclosed in open court. Counsel undertook to object and suggested that the question propounded in the note be made a part of the record. The court should have made known the question asked by the foreman of the jury, certainly when counsel requested it, either by reading the note in open court or having the jury restate the question in open court. It does not appear, however, that the irregularity harmed the complainant. This ground of the motion fails to show how Mrs. McBride was injured. On the contrary, it seems quite probable that Mrs. McBride was benefited, rather than injured, by the question and the answer given by the court. The answer of the court, although the question is not in the record, indicates that it related to the matter of cancelling the claims of Dr. Johns held on the tax receipts and executions against Mrs. McBride; and it seems reasonable to conclude that without the question and the answer the jury may not have canceled the tax claims held by Dr. Johns. For these reasons we hold that the matter complained of does not show reversible error.

■ The court did not err in sustaining the demurrer, nor in overruling the motions to strike and to vacate a previous order, as complained of in the exceptions *pendente lite.*

■ ■ Where a petition for a discharge was filed by an executor, and citation was duly issued thereon, an objector had the burden of proving her contentions that the estate had not been fully administered, and that the executor had not collected the debts due said estate, and, being indebted himself to said estate, had not paid or accounted for sums he owed the estate, and that the said executor was not entitled to a discharge. See *Rogers* v. *Culver,* 21 *Ga. App.* 95 (94 S. E. 266), and citations. A court of ordinary may apply equitable principles in settling accounts of administrators and executors (*Greer* v. *Burnam,* 69 *Ga.* 734(b); *Brantley* v. *Greer,* 71 *Ga.* 11; *Trust Company of Georgia* v. *Smith,* 54 *Ga. App.* 518, 522, 188 S. E. 469); and the superior court, though having no greater power on appeal than the court from which the appeal was taken, would have equal power in applying

equitable principles in adjusting such accounts. *McDowell* v. *Mc-Dowell,* 194 *Ga.* 88, 92 (20 S. E. 2d, 602). We have read the brief of evidence in this case, over and over again, in an earnest effort to determine whether a verdict more favorable to Mrs. McBride could have been returned. We have concluded that the verdict as found, wiping out all indebtedness represented by the tax receipts or other claims against her held by Dr. Johns, was as favorable to her as any verdict under the evidence could have been. The testimony failed to show that the estate of Mrs. Mary Johns had any property to be administered by her executor, other than a few-dollars' worth of household goods, hardly sufficient in value to pay the cost of the administration. The testimony likewise failed to show any debts outstanding in favor of the estate which the executor had failed to collect, and failed to show any indebtedness due by the executor himself to the estate. On the other hand, the uncontradicted testimony of Dr. Johns was that he did not owe his mother anything at the time of her death or at the time of the trial. He further testified that he had spent much more than the little property was worth in handling the estate, the bond alone amounting to something like $30 per year for a period of four or five years. There was evidence as to the managing of business matters by Dr. Johns for his mother before her death, between the date of the death of his father in 1922 and his mother's death in 1927; but there was no evidence to show any definite or specific indebtedness of the executor to the estate, or any assets or property of the estate wasted by the executor. It is true that he made no returns to the ordinary of his actings and doings as executor, but he was relieved in the will from giving "any bond or making any returns to the ordinary." The evidence also showed that the executor had paid various amounts in taxes for his sister, and had otherwise helped her financially, over the years while the administration of the estate was pending. The jury canceled by the verdict all of the tax claims held by the executor against his sister, but otherwise they found generally in favor of Dr. Johns. The verdict was certainly authorized, if not demanded as a matter of law, under the evidence, and we cannot set it aside for any reason presented in the record before us.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*