31272. PRIOR *v.* THE STATE.

DECIDED SEPTEMBER 12, 1946.

*Wesley R. Asinof,* for plaintiff in error.

*Lindley W. Camp, Solicitor, E. E. Andrews, Solicitor-General, Durwood T. Pye,* contra.

MacINTYRE, J. ■ The defendant, Lee Prior, was convicted in the Criminal Court of Fulton County on an accusation charging him with the offense of mayhem, the charging part of which is as follows: "Lee Prior in the county aforesaid, on the 20th day of June 1945, did commit the offense of mayhem, in that the said Lee Prior on the above date did intentionally, voluntarily, and maliciously bite off the nose of Elizabeth Williams while the said Lee Prior was attacking the said Elizabeth Williams." There was no request to charge. The judge charged the jury: "The defendant in this case is charged with an offense which is a misdemeanor. The particular charge as set out in the accusation alleges: The defendant, Lee Prior, in said County of Fulton, State of Georgia, on the 20th day of June, 1945, did commit the offense of mayhem, in that the said Lee Prior on the above date did intentionally and maliciously bite off the nose of Elizabeth Williams while the said Lee Prior was attacking the said Elizabeth Williams. To this charge the defendant pleads not guilty, and that forms the issue that you are to try. . . The Code of Georgia defines mayhem as follows: 'Mayhem shall consist in unlawfully depriving a person of a member of his body, or disfiguring or rendering it useless,' and the State brings this prosecution, contending the following section of this Code has been violated: 'Cutting or biting off the nose, ear or lip of another with the intention, or voluntarily or maliciously, as before expressed, while fighting or otherwise, shall be a misdemeanor.' Upon conviction of the person violating such law, they would be punished as for a misdemeanor. Gentlemen of the jury, if you believe beyond a reasonable doubt that the defendant, in the County of Fulton, State of Georgia, on the 20th day of June, 1945, or any other day within two years immediately preceding the date of the filing of this accusation which you will have out with you, did commit the offense of mayhem, in that Lee Prior on that date did intentionally, voluntarily, and maliciously bite off the nose of Elizabeth Williams and as charged in this accusation, then you will have authority to find this defendant guilty in this

case. If, on the other hand, you do not believe the defendant is guilty as charged in the accusation which you will have with you, or if you have a reasonable doubt as to his guilt, it will be your duty to acquit him." The defendant contends that the court erred in failing to charge, without a written request, the following: " 'If the defendant did bite off the nose of the person named in the accusation, as alleged, but that he did so in order to resist an attack upon him which would have amounted to a felony, or that he had a reasonable fear that his life was in danger, and that in using such resistance, he used no more force than was actually necessary under the circumstances, you would be authorized to find the defendant not guilty.' Said charge would have been pertinent to the issues of the case, and the exclusion of said charge was error because the court is required to charge the jury on the defendant's contentions. Said charge would have been authorized by the evidence in the case." In *Wilensky* v. *State,* 15 *Ga. App.* 360 (2) (83 S. E. 276), it is said: " 'While it is the duty of a judge in the trial of a criminal case to state the contentions of both the State and the defendant, still, in the absence of a request for more definite instructions, a statement by the court that the grand jury has returned an indictment against the defendant, charging him with the offense . . [stated by the court], and that to this the defendant has filed a plea of not guilty, which makes the issue for them to try, sufficiently presents the issue.' " Some of the other cases in which this rule is stated and followed are: *Mobley* v. *State,* 51 *Ga. App.* 459 (180 S. E. 755); *Faison* v. *State,* 13 *Ga. App.* 180 (79 S. E. 39); *Quinn* v. *State,* 22 *Ga. App.* 632 (7), 635 (97 S. E. 84); *Parks* v. *State,* 24 *Ga. App.* 243 (100 S. E. 724); *Stewart* v. *State,* 37 *Ga. App.* 386 (9) (140 S. E. 415); *Crowe* v. *State,* 37 *Ga. App.* 828 (2) (142 S. E. 306). See also *Fouts* v. *State,* 175 *Ga.* 71 (6) (165 S. E. 78). Upon the authority of the *Wilensky* case and the other cases cited, we hold that there is no merit in the assignment of error under consideration.

The defendant does not specifically argue or insist upon the general grounds; however, after careful consideration of the evidence, we are of the opinion that it authorized the verdict. The judge did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*