## 32187. ROSEBERRY *v.* THE STATE.

DECIDED DECEMBER 3, 1949. REHEARING DENIED DECEMBER 15, 1949.

*Frank Grizzard, J. F. Kemp,* for plaintiff in error.

*John I. Kelley, Solicitor, Paul· Webb, Solicitor-General, William Hall, Broadus B. Zellars,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The trial court charged the jury as follows: "Now, gentlemen, of the jury, the State brings this case and contends that the following section of the Code of Georgia has been violated by this defendant which provides as follows: Whoever shall torture, torment, deprive of necessary sustenance, mutilate, or cruelly, unreasonably and maliciously beat or ill-treat any child, or cause any of such acts to be done, shall be guilty of a misdemeanor, and upon conviction of a person of violating that provision of our law, gentlemen, he or she would be punished with a misdemeanor punishment. If you believe beyond a reasonable doubt that this defendant Edna Roseberry in the [County] of Fulton and State of Georgia, on the 25th day of October, 1946, or upon any other date within two years immediately preceding the date of the filing of this accusation, which you will have out with you did ill-treat Marjorie Gordon, a minor child, as charged in count 1 of the accusation you will have out with you, then you would be authorized to find her guilty upon count 1 of the accusation.

If, on the other hand, you do not believe the defendant guilty as charged in count 1 of the accusation or if you have a reasonable doubt of her guilt, it would be your duty to acquit the defendant. If you believe beyond a reasonable doubt this defendant Edna Roseberry in the County of Fulton and State of Georgia, on the 15th day of December, 1947, did ill-treat Charlene Stallons, a minor child, contrary to the laws of said State, the peace, good order and dignity thereof and as charged in count 2 of this accusation which you will have out with you, then you should find the defendant guilty on count 2. If, on the other hand, you do not believe the defendant guilty as charged in count 2 of the accusation which you will have out with you or if you entertain a reasonable doubt about it, then it would be your duty to acquit her."

The foregoing quoted portions of the charge of the trial court contain the language of Code § 26-8001, and the exact language of the charging parts of the two counts of the accusation.

It is true that cruelty, unreasonableness, and malice are essential elements of this crime. See *Gary* v. *State*, 118 *Ga.* 17 (44 S. E. 817). However, in that case there was a specific request to charge the element of unreasonableness, and the case was reversed for the failure of the court so to charge pursuant to such request.

In the instant case, the defendant joined issue on the accusation by entering a general plea of not guilty thereto. The charging parts of the accusation contain enough to show that it was based on Code § 26-8001, and alleged that the acts complained of were done contrary to law. The court charged the Code section as the law which these acts are alleged to have violated. The validity of the accusation can not be tested by attack upon the charge of the court, where the latter is sufficient even though the former may not be. Where there is no demurrer to the accusation charging the defendant with ill-treating a named minor child contrary to law, and the court charges the jury in effect that the accusation was drawn under, and the State contends that the defendant was guilty of a violation of Code § 26-8001, which the judge gives in charge in the exact language thereof, and then immediately gives in the exact language of the ac-

cusation the particular charge set out in it, the instructions, in the absence of a request, sufficiently present the issue which the jury are to try, and no reversible error appears when the charge is considered as a whole. See *Prior* v. *State,* 74 *Ga. App.* 226 (supra).

The judgment of the trial court overruling the certiorari was without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*