37035, 37036.  GREESON *v.* THE STATE (two cases).

CARLISLE, Judge.  These are companion cases to the cases of *Greeson* v. *State* (Nos. 37033 and 37034), ante.  The trial in those cases was held in the morning and in these in the afternoon of the same day, the charges against the defendant in both sets of cases being the same, only the date being different, the accusations in the other cases charging Greeson with possessing and selling non-tax-paid whisky on November 8, 1956, and these accusations charging a similar offense on November 18, 1956.  After the defendant was convicted in these cases he made a motion for a new trial on the general grounds and on 11 special grounds and the error assigned here is the denial of that motion.

1. The court did not err in refusing to grant a continuance as complained of in special ground 1 of the motion.  The fact that one or more of the jurors who sat in the case also sat in the courtroom and heard the testimony in another case against the same defendant is not ground for a new trial.  *Johnson* v. *State,* 21 *Ga. App.* 497 (8)  (94 S. E. 630); *Ford* v. *State,* 35 *Ga. App.* 655 (3)  (134 S. E. 353).  Furthermore, this ground fails to show that as a matter of fact any of the jurors who sat in this case did hear any of the evidence on the former trial, or that having heard the evidence their verdict was influenced thereby, but the motion for a continuance shown by this ground to have been made merely recites that one or more of the jurors *might* have heard the other trial.  A new trial ought not to be granted on mere conjecture or suspicion of error, but only on a clear showing that harmful error has been committed.  *United Motor Freight Terminal Co.* v. *Hixon,* 78 *Ga. App.* 638 (3)  (51 S. E. 2d 679).

2. Special ground 2 assigns error on the refusal of the court to grant a mistrial because of the answer made by the State's witness to the following question propounded to him on cross-examination by counsel for the defendant: "Q. Did you find any liquor at that time?  A. No, we started in the driveway and he saw us coming and ran in the house and fastened the door and would not let us in for two or three minutes.  Then when he opened the door and we went in the house we could smell a strong odor of whisky."  The plaintiff in error contends that the answer was not responsive to the question asked and that it was prejudicial and highly injurious to him.  This contention is without merit.

3. The assignments of error and the issues of law made in special ground 3 and special ground 5 are substantially the same as the issues made in special grounds 3 and 5 in the companion cases and the ruling in division 2 of the opinion in those cases is controlling as to these grounds in these cases. Special ground 6 assigns error on a lengthy portion of the charge, which states several different principles of law, on the ground that it is not a sound principle of law and places a greater burden on the defendant than our law requires him to carry to prove his innocence. This ground is substantially the same as ground 6 in the companion cases and the ruling in the decision there as to this contention is decisive of the issue here. These grounds do not show cause for reversal.

4. Special ground 4 alleges error because the court permitted certain containers with labels and writing thereon to go into the evidence, it being contended that the writing was irrelevant and immaterial. This ground fails to show what the writing on the labels was and therefore presents no question for this court to determine. The objection was entirely too general to raise any issue for the court's determination. *Barrett* v. *City of Brunswick*, 56 *Ga. App.* 575, 576 (2) (193 S. E. 450) ; *McBride* v. *Johns*, 73 *Ga. App.* 444, 445 (2) (36 S. E. 2d 822) ; *West Lumber Co.* v. *Schnuck*, 85 *Ga. App.* 385, 388 (2) (69 S. E. 2d 577) ; *Freedman* v. *Petty*, 93 *Ga. App.* 590, 591 (1) (92 S. E. 2d 588).

5. Special ground 7 assigns error on a portion of the charge which instructed the jury that they might convict the defendant if the evidence showed and if they believed that he, within two years prior to the filing of the accusation, possessed, controlled and sold non-tax-paid alcoholic liquors. It is contended that this is error because the defendant had just been placed on trial under an accusation charging him with a similar offense on November 8, 1956, and that this trial being on an accusation charging an offense on November 18, 1956, the charge complained of had the effect of placing the defendant in double jeopardy as to the November 8, 1956, transaction for which he had already been found guilty. The evidence in this case was simple and uncomplicated. The State's single witness, which the jury chose to believe, testified directly that he went to the defendant's house and purchased non-tax-paid whisky from the defendant on November 18, 1956. There was no testimony and no issue made in the case as to the date

of the transaction and under the evidence, if the jury chose to believe the State's witness in preference to the defendant's statement, the verdict of guilty had to be based on a transaction on November 18th and not on any other date. It follows that this charge could not possibly have been harmful to the defendant, and the trial court did not err in overruling this ground of the motion.

6. In the remaining special grounds of the motion, error is assigned on the failure of the court to state to the jury the contentions of the defendant and the failure of the court to charge that the burden of proof was on the State to prove the guilt of the defendant beyond a reasonable doubt, and on the ground that the court erred in charging the jury two excerpts from the charge lifted from their context. In reply to the contentions made by these grounds of the motion, it is sufficient to say that the court's charge was, in the absence of a timely written request, sufficient and fair to the defendant. The court did charge that the burden was on the State to prove to the jury's satisfaction beyond a reasonable doubt the guilt of the defendant by the introduction of competent evidence, and that, if the jury entertained any doubt as to the defendant's guilt, they ought to acquit him. The charge on the burden of proof was in substantially the same language as that approved in *McDuffie* v. *State,* 54 *Ga. App.* 261 (2) (187 S. E. 672). So far as the statement of the contentions of the defendant is concerned, the court charged the jury that, "The defendant entered a plea of 'not guilty,' and that forms the issue that you are to determine." The defendant in his statement to the jury merely denied that he ever possessed or sold non-tax-paid liquor to the prosecuting witness and made no other contention. In view of these facts, this charge was certainly adequate. *Faison* v. *State,* 13 *Ga. App.* 180 (1) (79 S. E. 39); *Parks* v. *State,* 24 *Ga. App.* 243 (1) (100 S. E. 724); *Byrd* v. *State,* 28 *Ga. App.* 244 (2) (110 S. E. 758); *Stone* v. *State,* 76 *Ga. App.* 96, 103 (12) (45 S. E. 2d 89); *Lewis* v. *State,* 76 *Ga. App.* 671, 672 (1) (47 S. E. 2d 199).

7. The evidence authorized the verdict.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED FEBRUARY 27, 1958.

*J. Ray Merritt*, for plaintiff in error.
*Chas. C. Pittard, Solicitor*, contra.