## 41615. SAXE v. THE STATE.

PANNELL, Judge. 1. That the chief witness for the State had been adjudicated insane in another State prior to the commission of the offense charged and testified about does not

have the effect of denying probative value to the testimony of such witness. Such a person is not incompetent to testify (*Code* § 38-1603) and the proof of the commitment for insanity goes to the credit of the witness only. *Cuesta v. Goldsmith,* 1 Ga. App. 48 (3) (57 SE 983).

2. A contention by the defendant that the chief witness for the State had been adjudicated insane sometime previous to the trial and the offense charged is not a contention relied upon as a defense within the meaning of the claimed rule that a contention of the defendant in a criminal case, if supported by evidence, must be charged by the court together with the law applicable thereto. Proof of insanity may go to the credit of the witness but does not amount to a defense. The contentions of the defendant were (in the absence of a request for a fuller statement of his contentions) sufficiently presented by the charge of the court that, "The defendant has filed her plea of not guilty, whereby she denies the charges and places the burden on the State to prove its case under the instructions given you." *Byrd v. State,* 28 Ga. App. 244 (2) (110 SE 758); *Parks v. State,* 24 Ga. App. 243 (1) (100 SE 724).

3. The court charged the jury as follows: "A number of witnesses have been sworn and testified, in this case and the law directs that it is your duty, where it can be done, to reconcile the conflicts in evidence in the testimony of witnesses, or the testimony of any witness, and the statement of the defendant, if any, so as to make all speak the truth and perjury or falsehood be imputed to none of them; however, if you cannot do that it becomes your duty to believe that witness, or those witnesses, or the defendant's statement, or the evidence you think best entitled to belief. You are the sole judges of the credibility of each and every witness. In passing upon credibility in deciding which are best entitled to belief, where there is a conflict, you may consider all of the facts and circumstances of the case; the witnesses' manner of testifying, their intelligence, their means and opportunities of knowing the facts to which they testified, the nature of the facts to which they testified, the probability or improbability of their testimony, their interest or want of interest, also their personal credibility insofar as the same may appear from the trial." The court also charged fully that the burden of proof was on the State to prove the charge beyond a reasonable

doubt. Under these circumstances, if the defendant desired a charge on the quantum of proof necessary to establish that the witness was insane, or a more particular charge as to the weight and credit which should be given to the testimony of said chief witness, or a more particular charge as to the effect of a certain impeaching witness's testimony, the defendant should have requested such charges. *Lewis v. State,* 125 Ga. 48 (53 SE 816); *Lewis v. State,* 129 Ga. 731 (3) (59 SE 782); *Waycaster v. State,* 136 Ga. 95 (3) (70 SE 883); *Royal Crown Bottling Co. of Macon v. Bell,* 100 Ga. App. 438, 441 (5) (111 SE2d 734); *Tucker v. State,* 94 Ga. App. 468 (95 SE2d 296).

4. Where the charge is one for violation of *Code* § 26-6203, making it a crime for one to receive another into any house, place, building, etc., for the purpose of prostitution or assignation, it was not error for the trial judge to permit a witness for the State to go into detail as to the type of prostitution and assignation practiced therein over the objection that such evidence unduly tended to inflame and prejudice the jury against the defendant. Under the facts of this case, the trial judge did not abuse his discretion in the admission of such evidence.

5. The evidence was amply sufficient to authorize the verdict.

*Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.*

SUBMITTED NOVEMBER 2, 1965—DECIDED NOVEMBER 30, 1965.

*Sullivan, Herndon & Smith, John J. Sullivan,* for appellant. *Andrew J. Ryan, Jr., Solicitor, Sylvan A. Garfunkel,* for appellee.

